[No. 27992-1-I.    Division One.    March 29, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. PATSY A.
JOHNSON, *Appellant.*

*Soheila Sarrafan* of *Washington Appellate Defender Association*, for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Randall Yates, Deputy,* for respondent.

PER CURIAM. — Patsy A. Johnson, a.k.a. Patsy Arlene White, appeals from the restitution order entered following her plea of guilty to the crime of first degree theft. She challenges the portion of the restitution order that required her to pay certain expenses relating to the investigation of business records, a missing tool, and photographs. The appeal has been referred to a panel of this court for accelerated review of the merits. Two basic issues are presented.

I

1. Did the trial court err in requiring Johnson to pay restitution for the replacement costs of a tool and photographs?

2. Did the trial court err in ordering Johnson to pay restitution for $2,700 in investigation costs?

II

Between November 1989 and February 1990, Johnson was employed as a bookkeeper and officer manager for Jeff's Auto Repair in Snohomish County. During the course of her employment, Johnson embezzled several items belonging to the repair shop including checks and currency. As a result of this misconduct, Johnson was charged with one count of theft in the first degree.

Johnson thereafter entered a plea of guilty to the offense charged. A restitution hearing was held on February 12,

1991. At the hearing, the owner of Jeff's Auto Repair, Jeff Gitzen, stated that his business lost $5,782.60 as a result of Johnson's crime including $2,700 for an audit of his business records, $64 for a missing tool and $293 for photographs. Johnson argued that she should not have to pay restitution for these expenses. The court disagreed and fixed the total amount of restitution at $5,782.60. This appeal followed.

### III

Johnson first contends that the trial court erred in ordering her to pay restitution for the missing mechanic's tool and photographs since these expenses were not incurred as a result of her crime of conviction. Since she was not charged with stealing the tool or photographs, Johnson claims that the trial court lacked authority to require her to pay restitution for these expenses.

"The authority to order restitution is purely statutory." *State v. Smith*, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992). Pursuant to RCW 9.94A.142(1), restitution may be ordered for "easily ascertainable damages for . . . loss of property" resulting from a criminal conviction. In other words, the award of restitution must be based on a causal relationship between the offense charged and proved and the victim's losses or damages. *State v. Blair*, 56 Wn. App. 209, 214-15, 783 P.2d 102 (1989); *State v. Vinyard*, 50 Wn. App. 888, 893, 751 P.2d 339 (1988). A defendant may not be required to pay restitution beyond the crime charged or for other uncharged offenses. *State v. Tindal*, 50 Wn. App. 401, 403, 748 P.2d 695 (1988) ("Restitution may not be based on acts connected with the crime charged when those acts are not part of the charge."). An exception to this general rule exists where the defendant pleads guilty and expressly agrees to pay restitution for crimes for which the defendant was not convicted. RCW 9.94A.142(2); *State v. Raleigh*, 50 Wn. App. 248, 252, 748 P.2d 267, *review denied*, 110 Wn.2d 1017 (1988). The State concedes that there is not a sufficient causal connection between Johnson's crime and the loss of the tool and photographs to support the trial court's order that the victim

be reimbursed for these items. The State's concession of error is well taken.

■ Johnson signed a plea form in which she admitted that she "did wrongfully obtain unauthorized control over cash, checks, & other items belonging to Jeff's Auto Repair in excess of $1500.00 in value." Although Johnson in the plea form agreed to pay restitution in full to the victim of the charged offense, she was never specifically charged with stealing the tool or the photographs.[1] Since the phrase "other items belonging to Jeff's Auto Repair" in the plea form does not describe the items taken with any degree of specificity, we cannot assume for restitution purposes that Johnson actually admitted to unlawfully taking the missing tool and photographs.[2] Accordingly, the trial court exceeded its authority by requiring Johnson to pay restitution for the replacement costs of the tool and photographs.

Johnson next contends that the trial court improperly ordered her to pay restitution for the $2,700 in investigation costs. The $2,700 figure represented the cost of having Gitzen, his accountant, his parents, his fianceé, and a former girlfriend review the business records of the auto repair shop. Johnson appears to concede that an investigation of the business records at Jeff's Auto Repair was causally connected to the crime of conviction.[3] Nevertheless, Johnson claims that the trial court should not have awarded restitu-

---

[1] The charging document in this case alleged that Johnson committed the crime of first degree theft because she,

> during the months of October 1989 thru February 1990, did wrongfully obtain or exert unauthorized control over property or services, to-wit: *Cash, checks* and *currency*, belonging to Jeff's Auto Repair, or a value exceeding $1,500, with intent to deprive Jeff's Auto Repair, of such property or services; proscribed by RCW 9A.56.030(1)(a), a felony.

(Italics ours.)

[2] At the restitution hearing, Johnson emphatically denied exerting unauthorized control over the missing tool and photographs.

[3] Johnson states in her appellant's brief that "it is reasonable to expect that 'but for' the embezzlement, an accountant would not be required to review the books."

tion to Gitzen's friends and family because Gitzen never established that these individuals were qualified to review the business records accurately and efficiently.

■ We disagree. The Legislature has expressed a strong desire that offenders must pay restitution to the victims of their crimes. Statutes authorizing restitution should not be given "an overly technical construction which would permit the defendant to escape from just punishment." *State v. Davison*, 116 Wn.2d 917, 922, 809 P.2d 1374 (1991); *State v. Mead*, 67 Wn. App. 486, 490, 836 P.2d 257 (1992). Restitution statutes must instead be construed broadly so as to carry out the expressed intent of the Legislature. *State v. Davison, supra* at 920 ("The very language of the restitution statutes indicates legislative intent to grant broad powers of restitution.").

■ Here, the cost of investigating the business records was a reasonable consequence of Johnson's act of embezzlement. It is undisputed that Gitzen hired his friends and family simply to assist him in determining the extent of his damages. Gitzen chose to pay his friends and family as a way of minimizing the cost of the investigation. As Gitzen stated at the restitution hearing:

> One thing, if I could. At the time I talked to my accountant at $80 an hour, it could have costed [*sic*] me double this amount to have this much time spent on this book work reconstructing what happened. I was already out a lot of money. I was already showing a loss in my business at this time, which over a ten year period I have never done. I wasn't real excited about paying direct costs at that point in time so I tried to use other sources that were available to me. That was all that we did. I didn't try to inflate them in any way. The time that we spent working on the stacks and stacks of invoices and book work in the four months, we write 20 invoices a day in our business, times 30 times four months' worth, we're talking about a lot of investigation.

Under the circumstances, there was a reasonable basis for ordering restitution of the entire cost of the investigation. To hold otherwise would allow Johnson to escape responsibility for the reasonable consequences of her criminal conduct.

Such a result would certainly not serve either to deter future offenses or to insure that the "punishment . . . is proportionate to the seriousness of the offense", RCW 9.94A.010(1).

Johnson also contends that, since Gitzen had no legal obligation to pay his friends and family for the investigation costs, any loss resulting from such payments were not actually incurred as a result of the theft charge. Thus, Johnson argues that she cannot be required to reimburse Gitzen for the cost of those expenses. A similar argument has recently been rejected by the Supreme Court in *Davison*. *State v. Davison, supra* at 922-23.

█ Finally, Johnson contends that the investigation costs are unsubstantiated and too speculative.[4] She argues that the amount was not established by sufficient evidence. However, the amount of restitution need not be proved with specific accuracy. *State v. Mark*, 36 Wn. App. 428, 434, 675 P.2d 1250 (1984). "When the particular type of restitution in question is authorized by statute, imposition of restitution is generally within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *State v. Davison, supra* at 919.

In this case there is nothing in the record to suggest that the investigation costs were unreasonable. It is undisputed that the investigation of the business records took well over a week. Gitzen claimed that five different individuals reviewed the business records and that each investigator was owed a specific sum of money for this work. Gitzen stated that investigators were paid at an hourly rate. Considering the trial court's broad discretionary powers in this area, we cannot say

---

[4]Johnson also states in a footnote in her opening brief that the actual amount of funds embezzled is not established by the evidence because the exhibits admitted at the restitution hearing do not support the amount of the restitution award. (Brief of Appellant, at 19-20). However, placing an argument of this nature in a footnote is, at best, ambiguous or equivocal as to whether the issue is truly intended to be part of the appeal. It was neither raised in the section of appellant's brief devoted to the issues and corresponding assignments of error nor were the exhibits made a part of the record before this court. We thus decline to address the merits of the claim. *See State v. Ramirez*, 62 Wn. App. 301, 305, 814 P.2d 227 (1991), *review denied*, 118 Wn.2d 1010 (1992).

that the court abused its discretion in requiring Johnson to pay $2,700 in investigation costs.

In summary, the portion of the restitution order requiring Johnson to pay $64 for the tool and $293 for the photographs is reversed and the matter is remanded with directions to reduce the restitution award by $357. In all other respects, the order of restitution is affirmed.