[No. 27822-3-I.   Division One.   April 19, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL ALLAN
MISZAK, JR., *Appellant.*

*Adam Shapiro* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Olsen, Deputy,* for respondent.

PEKELIS, A.C.J. — Daniel Miszak appeals an order of restitution entered following his plea of guilty to attempted theft in the second degree. We reverse.

Daniel Miszak, appellant, and Kelly Cruson were both charged by information with theft in the second degree for taking jewelry belonging to Marjorie Dolinar "on or about February 27, 1989". The certification for determination of probable cause set forth four specific items of jewelry identified by Dolinar as stolen.

On November 30, 1989, Miszak pleaded guilty to an amended information charging him with attempted theft in

the second degree. In his statement on plea of guilty, Miszak stated: "On February 27, 1989 . . . I took an article of jewelry that belonged to Marjorie Dolinar with intent to deprive her of that jewelry. The jewelry was valued [at] at least $250." In accordance with Miszak's plea agreement and the prosecutor's sentencing recommendation, the judge ordered payment of restitution, the amount to be set at a subsequent hearing.

The codefendant, Cruson, pleaded guilty as charged. On February 28, 1990, Cruson was ordered to pay restitution of $86 to the Coin Palace, where he had pawned certain items that the victim, Dolinar, subsequently identified and had returned to her. Cruson's sentencing judge did not order any restitution paid to Dolinar.

At Miszak's restitution hearing on January 23, 1991, the State sought $4,517 in restitution for Ms. Dolinar. The State relied on an unattested letter dated February 26, 1990, in which Ms. Dolinar claimed that she was entitled to restitution for her losses. Attached to the letter was a list of 13 items of jewelry she claimed had been taken and an estimated amount for each item. The amount of $4,517 represented the sum of the values indicated by Ms. Dolinar, minus the value of those items that had been returned or found. Although Miszak contested the amount sought by the State, the trial court ordered Miszak to pay $4,517 in restitution based on Dolinar's letter.

On appeal, Miszak contends that the State improperly refused to adhere to the terms of his plea agreement because it did not specify that he would be subject to payment of restitution for 13 items of jewelry.

As a threshold matter, the State contends that the issue was never raised below and thus may not be raised for the first time on appeal. However, defense counsel did contend at the sentencing hearing that "[a]t this juncture we oppose a request for restitution for items that . . . aren't involved for the date for which he pled guilty." This argument sufficed to apprise the trial judge of the nature of Miszak's objection.

■ Moreover, although Miszak has framed the issue in terms of a "violation of the plea agreement", the restitution order is manifestly erroneous owing to a more basic defect: it imposed restitution for losses that were not shown to have been incurred as a result of the offense Miszak was charged with.

Under the Sentencing Reform Act of 1981, the sentencing court is required to order restitution "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property". RCW 9.94A.142(2). When restitution is ordered, "[t]he amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss *from the commission of the crime.*" (Italics ours.) RCW 9.94A.142(1). The general rule is that restitution may be ordered only for losses incurred as a result of the precise offense charged. *State v. Johnson*, 69 Wn. App. 189, 191, 847 P.2d 960 (1993) (per curiam) (citing *State v. Tindal*, 50 Wn. App. 401, 403, 748 P.2d 695 (1988)); *State v. Raleigh*, 50 Wn. App. 248, 252, 748 P.2d 267, *review denied*, 110 Wn.2d 1017 (1988). Restitution cannot be imposed based on the defendant's "general scheme" or acts "connected with" the crime charged, when those acts are not part of the charge. *State v. Harrington*, 56 Wn. App. 176, 179, 782 P.2d 1101 (1989); *Tindal*, at 403; *State v. Hartwell*, 38 Wn. App. 135, 141, 684 P.2d 778 (1984).

The restitution order here violates these principles. Miszak was charged with and adjudged guilty of attempted theft of jewelry on February 27, 1989, the date designated in the information. At the restitution hearing, the State offered no evidence whatsoever to prove that the 13 items had been taken during commission of the charged crime. In fact, the evidence tended to prove the contrary. The victim's letter, which was the sole evidence of loss offered by the State, affirmatively established that the losses took place "systematically" over a period of "months". Thus, the evidence was insufficient to support the restitution order for the entire loss claimed by the victim.

It is true, as argued by the State, that in some circumstances restitution can be imposed for uncharged offenses. The restitution statute provides that

> restitution shall be ordered . . . if the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.

RCW 9.94A.142(2). Accordingly, restitution for loss beyond the scope of the crime charged is properly awardable only when the defendant enters into an "express agreement" to make such restitution as part of the plea bargain process. *Raleigh*, at 252.

Here, however, the State introduced no evidence of an express agreement to make restitution for losses incurred as a result of uncharged incidents of theft. In fact, the record does not contain a written "plea agreement" at all. The only evidence of the terms of the agreement is found in the *statement of defendant on plea of guilty* and in the prosecutor's sentence recommendation form. At best, these documents establish that Miszak agreed to pay for the "victim's loss in this case". We believe it is significant, however, that in his own statement of "what [he] did" Miszak admits only that he took one article of jewelry.

In *Johnson*, the defendant was charged with theft of cash, checks, and currency. The defendant agreed to pay restitution in full to the victim and admitted to having wrongfully obtained unauthorized control over "cash, checks, & other items". The trial court imposed restitution for missing tools and photographs claimed by the victim at a restitution hearing. This court held that the trial court had exceeded its authority, because the phrase " 'other items belonging to [the victim]" did not describe the items taken with sufficient specificity: "[W]e cannot assume for restitution purposes that Johnson actually admitted to unlawfully taking the missing tool and photographs." *Johnson*, at 192.

Here, as in *Johnson*, there is no evidence that Miszak agreed to pay restitution on uncharged counts. Indeed, there

is nothing to show that Miszak agreed to pay for more than that to which he admitted taking. We therefore reject the State's argument that the sentencing court was authorized to order restitution in this case for all the losses claimed by the victim in the course of several thefts. *See Raleigh*, at 253-54. In the absence of any additional evidence of what Miszak agreed to, the "victim's loss" in this case is limited to the one item of jewelry that Miszak actually admitted taking.

However, the record does not establish which item Miszak took on February 27. Thus, we are unable to determine what amount of restitution is appropriate. We therefore vacate that portion of the judgment and sentence setting restitution and remand for the sentencing judge to determine the appropriate amount of restitution.[1]

GROSSE and FORREST, JJ., concur.

---

[1]Because we reverse on other grounds, we do not reach the question of whether it is improper to order restitution on the basis of an unattested letter from the victim. *Cf. State v. Pollard*, 66 Wn. App. 779, 787 n.4, 834 P.2d 51 (noting that "minimal requirements of due process may well require sworn testimony"), *review denied*, 120 Wn.2d 1015 (1992).