[No. 32027-1-I.   Division One.   August 1, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JON R. FLEMING, *Appellant*.

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for appellant.

*David R. Needy, Prosecuting Attorney,* and *K. Garl Long, Deputy,* for respondent.

KENNEDY, J. — Jon R. Fleming appeals the restitution order resulting from his conviction of first degree trafficking in stolen property. He contends that the trial court abused its discretion in setting the amount of restitution based upon the appreciated value of a gold necklace 3 years after the crime occurred. Fleming asserts that the court should have used the value of the necklace at the time of the crime. He also argues that $300 of the restitution order should not have been included because it involved an earlier, uncharged crime. We affirm.

## FACTS

On March 28, 1989, June Johnson reported $300 in cash missing from the duplex apartment she shared with her sister Barbara Johnson Grove.[1] Police investigation revealed that

---

[1]Barbara Johnson became Barbara Johnson Grove after the crime and before the restitution hearing.

entry may have been made through a crawlspace from the adjoining duplex apartment. In April, police officers placed $50 of marked money in the Johnsons' apartment. Approximately 1 week later Barbara Johnson Grove reported to the police that the marked money and her jewelry box were missing from the apartment. One of the items in the jewelry box was a 24- to 26-inch gold necklace, which Grove estimated to be worth $2,000, based on telephone calls she made to jewelry stores shortly after she discovered the theft of her jewelry. Fleming, the duplex-neighbor's son, was arrested 2 days after the second burglary.

Fleming was charged initially with second degree burglary. By amended information, the charge was changed to first degree trafficking in stolen property:

> [D]uring March or April, 1989, in Skagit County, Washington, [Fleming] did knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of personal property, belonging to Jane [*sic*] and Barbara Johnson, another [*sic*] for sale to another; proscribed by RCW 9A.82.050(2), a felony.

Clerk's Papers, at 2. Fleming entered an *Alford* plea to the amended charge. Paragraph 4(b) of the plea form reads:

> I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:
>
>     . . . .
>
> (b) I am charged with the crime of Trafficing [*sic*] in Stolen Property in the First Degree. That the elements of the crime are knowingly initiating, organizing, planning, financing, directing, managing or supervising the theft of property for sale to others, or knowingly trafficking in stolen propery [*sic*].

Clerk's Papers, at 3. The only reference to restitution in the plea form is a standard, preprinted paragraph which states that, absent extraordinary circumstances, restitution will be ordered for property crimes or crimes resulting in injury. The judgment and sentence entered the same day as the plea states that restitution would be determined at a future proceeding. Fleming was sent to prison.

A restitution hearing was held on December 3, 1992, more than 3 years after the crimes were committed. The State was seeking restitution in the amount of $5,124, which included $3,000 to Barbara Johnson Grove for her gold neck-

lace, $300 to June Johnson for the money stolen in the first burglary, $50 to the police department for the marked money taken in the second burglary, and $1,774 to Barbara Johnson Grove for other jewelry stolen from her in the second burglary.

Barbara Johnson Grove testified that the majority of her loss arose from the theft of the 24- to 26-inch gold necklace. She had the necklace valued in April 1992, 3 years after the crime occurred. The jeweler she consulted established the necklace's worth at $3,000 at the time of the appraisal, based on Grove's description of her necklace and the value of other necklaces which she saw and stated were similar to her stolen necklace. Grove stated that the jeweler attributed the increase in the necklace's value to rising gold prices during the 3 intervening years. Fleming's sole legal argument at the hearing was that the court should use the $2,000 value of the necklace at the time of the burglary when setting restitution. He affirmatively advised the court that there were no other issues to be decided at that hearing.

Fleming testified at the restitution hearing. On direct examination, he stated that he remembered stealing the $300 cash. When asked if he remembered the second burglary, he stated "I remember what I didn't take". Report of Proceedings, at 17. He then added that he did not remember what he did with the items he had taken, and that he had no recollection of a second burglary. When asked on cross examination if he remembered taking any jewelry, Fleming said, "I do remember but I know I didn't take any gold chains." Report of Proceedings, at 18.

The trial court imposed restitution mirroring the State's recommendations. This timely appeal followed.

## Discussion

### I

### Value of the Necklace

Fleming asks this court to rule as a matter of law that, in setting restitution, the trial court must always value a sto-

len item at the time closest to the time of the theft. We decline to so hold.

■ We review a challenge to the amount of a restitution order for abuse of discretion. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). The usual standard of review for abuse of discretion applies. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *In re Marriage of Bralley*, 70 Wn. App. 646, 651, 855 P.2d 1174 (1993).

The trial court's authority to order restitution is purely statutory. *State v. Smith*, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992). RCW 9.94A.142 provides in relevant part:

> (1) . . . Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property[.] . . . *The amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime. . . .*
>
> (2) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property unless extraordinary circumstances exist which make restitution inappropriate . . . .. [R]estitution shall be ordered to pay for an injury, loss, or damage *if the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.*

(Italics ours.)

■ The language of the restitution statute was meant to give the trial court broad powers of restitution. *Davison*, 116 Wn.2d at 920. Accordingly, the statute should be interpreted broadly to carry out the expressed intent of the Legislature and the purposes of the Sentencing Reform Act of 1981 (SRA). *Davison*, 116 Wn.2d at 920.

■ Restitution must be based upon easily ascertainable damages; however, a loss need not be established with specific accuracy. RCW 9.94A.142(1); *see State v. Johnson*, 69 Wn. App. 189, 194, 847 P.2d 960 (1993); *State v. Pollard*, 66 Wn. App. 779, 785, 834 P.2d 51, *review denied*, 120 Wn.2d 1015 (1992). " 'Evidence of damage is sufficient if it affords a reasonable basis for estimating loss and does not subject the

trier of fact to mere speculation or conjecture.' " *Pollard*, 66 Wn. App. at 785 (quoting *State v. Mark*, 36 Wn. App. 428, 434, 675 P.2d 1250 (1984)) (citing *State v. Bush*, 34 Wn. App. 121, 124, 659 P.2d 1127, *review denied*, 99 Wn.2d 1017 (1983)). The amount of damages claimed must be supported by substantial credible evidence. *Pollard*, 66 Wn. App. at 785.

██ ██ Interpreting the restitution statute broadly to effect the Legislature's intent, we hold that it is within the sound discretion of the trial court to take fluctuations in market value into consideration for purposes of setting restitution. Restitution is not a substitute for a civil lawsuit. It serves other purposes, one of which is to impose upon one who breaks the law a thorough understanding of the economic effects of a particular crime upon the victim. *Cf. Davison*, 116 Wn.2d at 922 (one of the purposes of the SRA is to "promote respect for the law" by providing just punishment); *see also Johnson*, 69 Wn. App. at 193 (defendant should not avoid culpability for "reasonable consequences" of her crime). Here, Barbara Johnson Grove lost not only a valuable piece of jewelry, but also the opportunity to take advantage of the increase in the market value of the precious metal of which the necklace was made. If Fleming had not taken the necklace Grove would have had the option to secure a windfall by selling the necklace when the value of gold increased. Thus, the appreciated value of the necklace was substantial credible evidence of the amount of Ms. Grove's loss. Absent clear abuse, which we do not find here, we defer to the trial court's discretion.

In so ruling, we specifically reject two theories whereby the State argues that we could affirm the trial court by application of a harmless error analysis. First, the State notes that the trial court has statutory authority under RCW 9.94A.142(1) to impose restitution in an amount up to twice the victim's loss or the offender's gain. Second, the trial court could have imposed restitution for the investigation costs Barbara Johnson Grove incurred in determining the value of her necklace. *See Johnson*, 69 Wn. App. at 193 (cost of investigating business records a consequence of embezzlement). For both reasons, the State argues, the

amount of restitution actually imposed by the trial court was less than could have been imposed, making any error by the trial court harmless.

■ The ability to impose up to twice the amount of the victim's loss or offender's gain does not, however, serve as a safety margin to preserve an otherwise erroneous restitution order. Any increase or doubling of restitution pursuant to the statute should be a consciously exercised choice by the court, utilized to further the purposes of the restitution statute.[2] The same is true for the court's ability to impose restitution for the victim's reasonable costs of investigation in order to ascertain the amount of the loss. An erroneous restitution order cannot be deemed harmless error merely because the amount of restitution ordered was less than could have been imposed by the trial court. *Cf. Johnson*, 69 Wn. App. at 195 (restitution amount not doubled by trial court — remand for reduction of restitution by amount of losses not causally related to crime); *State v. Tindal*, 50 Wn. App. 401, 405, 748 P.2d 695 (1988) (restitution ordered in amount approximating the victim's actual loss without doubling — remanded for resentencing after appropriate fact finding of the victim's actual loss).

## II

### Restitution of $300 Cash

Fleming next argues that the trial court erred by including in the restitution order $300 stolen in the first burglary of the Johnson residence. He asserts that the information charges him only with those means of trafficking in stolen property which require the element of "sale to another". Thus, argues Fleming, because the first burglary involved only $300 in cash, something which he could not sell to another, this first burglary was not charged in the information.[3]

---

[2]We do note, however, that the fact that the Legislature gave the trial courts the ability to impose restitution up to twice the offender's gain or victim's loss does illustrate that the Legislature made a policy determination that restitution need not **always** be for the value of the stolen item at the time of the crime.

[3]This argument was not raised to the trial court. However, if the trial court improperly ordered restitution for the $300, it was outside of its statutory

■ The trial court can only order restitution for losses or damage resulting from the precise offense charged. *Johnson*, 69 Wn. App. at 191; *State v. Miszak*, 69 Wn. App. 426, 428, 848 P.2d 1329 (1993). Thus, if the loss or damage arises out of an earlier, uncharged crime, there can be no causal relationship between the offense charged and the loss resulting from the earlier crime. *See State v. Hunotte*, 69 Wn. App. 670, 675, 851 P.2d 694 (1993) (citing *State v. Ashley*, 40 Wn. App. 877, 700 P.2d 1207 (1985); *State v. Hartwell*, 38 Wn. App. 135, 684 P.2d 778 (1984)). There is an exception to this general rule where the defendant pleads guilty to fewer or lesser crimes and agrees to pay restitution for uncharged crimes that the prosecutor agrees not to pursue. *See* RCW 9.94A.142; *State v. Raleigh*, 50 Wn. App. 248, 252, 748 P.2d 267, *review denied*, 110 Wn.2d 1017 (1988); *Miszak*, 69 Wn. App. at 429; *Johnson*, 69 Wn. App. at 191.

We have considerable doubt that the theft of the $300 was an uncharged crime.[4] Assuming that there was no charge which included the $300 taken in the first burglary, however, then Fleming agreed to plead guilty to fewer crimes than could have been charged. He also agreed to the prosecutor's recommendation that he pay restitution for the $300 by: (1) affirmatively admitting while testifying at the restitution hearing to stealing the $300; (2) telling the trial court that the only issue at the restitution hearing was the value of the necklace; and (3) failing to object to the prosecutor's recommendation at the time of the restitution hearing that restitution for the $300 be ordered. Therefore, if indeed trafficking in the $300 was an uncharged crime, the trial court nevertheless validly imposed restitution under RCW 9.94A.142(2).

authority, a challenge which can be made for the first time on appeal. *See* RAP 2.5(a)(1); *State v. Paine*, 69 Wn. App. 873, 882-84, 850 P.2d 1369, *review denied*, 122 Wn.2d 1024 (1993).

[4]We note that Fleming was charged with trafficking in stolen property belonging to both June and Barbara Johnson and that both March and April are mentioned in the information. The only property belonging to June Johnson which was taken in either burglary was the $300 taken in March. If trafficking in the $300 was charged, there would be no restriction on imposing restitution for that crime.