[No. 17951-6-III.    Division Three.    March 21, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. JESSICA JEAN WILSON, *Appellant*.

*George M. Ahrend*, for appellant.

*Steven Tucker, Prosecuting Attorney*, and *Kevin M. Kor-smo, Deputy*, for respondent.

BROWN, J. — Jessica Wilson, now Wilson-Farler, pleaded guilty in Spokane County to one count of first degree theft. She disputed the amount she embezzled from her employer, Jet Set Travel (JST). After a hearing, the trial court ordered over $15,000 restitution in its memorandum opinion including $5,266 for investigation costs. Ms. Wilson-Farler disputes the investigation costs in this appeal. Because we agree with the trial court that the investigation costs including overtime, bookkeeping, accounting, and private detective and attorney services are causally connected to Ms. Wilson-Farler's embezzlement, we affirm.

## FACTS

Ms. Wilson-Farler pleaded guilty to one count of first degree theft. Although she admitted embezzling just over $1,500 from her employer, JST, she denied the exact means employed and amounts taken.

At a two-day restitution hearing reported in a 152-page transcript, JST sought to collect its investigation expenses in addition to the amount claimed embezzled. Frances Martin, the owner of JST, described the effort and expense of the investigation necessary to reconstruct her records and determine her loss. Ms. Martin described in detail her use of overtime and employment of a private detective, bookkeeper, accountant, and lawyer to assist her not only in collecting and reconstructing her records, but in some cases to find and respond to customer and airline complaints related to the embezzlement. Ms. Martin unnecessarily paid collection costs incurred by pursuing amounts she incorrectly believed her clients owed.

Ms. Wilson-Farler used various means to manipulate computers and records to gain control over cash, checks, airline tickets, vouchers, coupons, and credit receipts. Ms. Martin stated she spent $5,266 on these investigation activities to reconstruct her records and establish her loss. The record of proceedings refers to a summary and exhibits

used in court and discussed by the judge but they are not part of our clerk's papers. Ms. Wilson-Farler does not challenge the reasonableness of the investigation expenses. Rather, she contests whether they are proper items of restitution under the restitution statute, RCW 9.94A.142. The record is not clear whether Ms. Martin or JST has instituted other collection measures against Ms. Wilson-Farler.

The trial court's memorandum opinion explained that the $5,266 was an appropriate and reasonable consequence of Ms. Wilson-Farler's embezzlement and necessary to prove restitution in light of Ms. Wilson-Farler's denials. After explaining its adjustments, the court also set restitution of $3,905.29 for converted amounts and $6,387.37 for ticket losses. Although the court specified that $15,558.66 was due, the final order indicates $15,550.66. Ms. Wilson-Farler's appeal is limited to challenging the investigation expenses.

## ANALYSIS
### A. Restitution for Investigation Expenses

The issue is whether the trial court erred by allowing restitution for the victim's expenses expended to ascertain the extent of an embezzlement and concluding the investigation expenses meet the causal connection requirements of RCW 9.94A.142.

■ A trial court's imposition of restitution is reviewed for an abuse of discretion. *See State v. Enstone*, 137 Wn.2d 675, 679, 974 P.2d 828 (1999) (foreseeabilty rejected as part of causal connection requirement of RCW 9.94A.142). An abuse of discretion occurs when the trial court's decision is " 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' " *Id.* at 679-80 (quoting *State v. Blight*, 89 Wn.2d 38, 41, 569 P.2d 1129 (1977)).

■■ The authority to order restitution is purely statutory. *State v. Smith*, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992). "We will not give the statutes an overly technical

construction which would permit the defendant to escape from just punishment." *State v. Davison*, 116 Wn.2d 917, 922, 809 P.2d 1374 (1991). Rather, "[t]he very language of the restitution statutes indicates legislative intent to grant broad powers of restitution." *Davison*, 116 Wn.2d at 920. "[A] trial court need only find that a victim's injuries were causally connected to a defendant's crime before ordering a defendant to pay restitution for the expenses which resulted." *Enstone*, 137 Wn.2d at 682. "[A] finding of foreseeability is not a necessary element of a restitution order." *Id.*

■ The relevant statute partly provides:

[R]estitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses, but may include the costs of counseling reasonably related to the offense.

RCW 9.94A.142(1). Funds expended as a direct result of a defendant's criminal conduct constitute "injury to or loss of property" under RCW 9.94A.142(1). *See Smith*, 119 Wn.2d at 388 (wages paid by burglary victim to service surveillance cameras and funds expended to develop and replace film were proper); *Davison*, 116 Wn.2d at 921-22 (wages voluntarily paid to an assault victim while he was unable to work were proper).

The trial court relied on *State v. Johnson*, 69 Wn. App. 189, 847 P.2d 960 (1993), to award the investigation costs as restitution. In *Johnson*, the defendant entered a guilty plea to first degree theft for embezzling money from her employer. On appeal, the defendant conceded the investigation was causally related to her embezzlement but contended the persons conducting the investigation for the employer were not qualified. *Id.* at 192-93. Division One when affirming the restitution reasoned:

Here, the cost of investigating the business records was a reasonable consequence of Johnson's act of embezzlement. It is undisputed that Gitzen [employer] hired his friends and family simply to assist him in determining the extent of his damages.

. . . .

Under the circumstances, there was a reasonable basis for ordering restitution of the entire cost of the investigation. To hold otherwise would allow Johnson to escape responsibility for the reasonable consequences of her criminal conduct. Such a result would certainly not serve either to deter future offenses or to insure that the "punishment . . . is proportionate to the seriousness of the offense", RCW 9.94A.010(1).

*Johnson*, 69 Wn. App. at 193-94.

Ms. Wilson-Farler relies primarily on *State v. Martinez*, 78 Wn. App. 870, 899 P.2d 1302 (1995), *review denied*, 128 Wn.2d 1017 (1996), a first degree arson case, to argue the trial court's award was erroneous. It is inapposite. In *Martinez*, the State's theory was that the defendant set fire to his business to collect the insurance proceeds. *Id.* at 874. The trial court ordered the defendant to reimburse his insurer for its costs of investigating the fire, attorney fees and costs connected to defending civil litigation the defendant brought to collect on his insurance policy. *Id.* at 881. On appeal, Division Two reversed the trial court and held the insurer could not recover the investigative costs. *Id.* at 882. Essentially, the court decided these costs were not causally connected to the arson under its definition of restitution. However, in doing so, Division Two reasoned the *Johnson* court "never directly considered whether investigation expenses could be awarded in the first place." *Martinez*, 78 Wn. App. at 884. This reasoning is questionable because the *Johnson* court expressly concluded that investigation costs could be awarded: "Here, the cost of investigating the business records was a reasonable consequence of Johnson's act of embezzlement." *Johnson*, 69 Wn. App. at 193.

In essence, the *Martinez* court rejected the investigation

expenses for two reasons. First, the claimed expenses were too attenuated to meet the foreseeability requirement included in its stated rule of restitution. *See Martinez*, 78 Wn. App. at 881. Our Supreme Court rejected this requirement in *Enstone*. *See Enstone*, 137 Wn.2d at 682. Second, the *Martinez* court correctly concluded the insurance company was not a victim under RCW 9.94A.142. *Martinez*, 78 Wn. App. at 882. Here, JST is clearly a victim.

The trial court at page two of its memorandum opinion carefully detailed tenable grounds and reasons for deciding the causal connection between the investigation expenses and the embezzlement existed. "The amount includes overtime spent by the victim and her agents as well as the employment of private detectives to research unreported and missing airline tickets, conversations with out of town purchasers and resources necessary to prove the restitution amount."

We conclude the investigative costs meet a test that conforms to the causal connection requirement of *Enstone* because they were reasonably and rationally related to the crime and consequential in the sense that but for the embezzlement, the victim would not have incurred them. Thus, the investigation expenses are a "reasonable consequence of [Wilson-Farler's] act[s] of embezzlement." *Johnson*, 69 Wn. App. at 193. The trial court did not abuse its discretion.

A recent Supreme Court decision confirms our result. In *State v. Shultz*, 138 Wn.2d 638, 980 P.2d 1265 (1999), our Supreme Court discussed the nature of restitution in connection with a constitutional challenge to the extension of jurisdiction amendments to RCW 9.94A.142. The court reasoned that restitution under RCW 9.94A.142(1) is "statutorily connected to victims' losses" and is paid to the superior court clerk for disbursement directly to victims. *Shultz*, 138 Wn.2d at 643. The court discounted any punitive aspect of restitution and emphasized its remedial component. *Id.* at 643-44.

The *Shultz* court's discussion of restitution is consistent

with the discussion of restitution in *Johnson* and consistent with the trial court's reasoning here. Although it would have been helpful to include the exhibits and summary of the itemized investigation expenses, the record and Ms. Martin's testimony establish the connection to the embezzlement and the amount of loss.

█ Accordingly, we hold that investigative expenses incurred to prove monetary loss due to embezzlement are causally connected to the crime when they are a reasonable consequence of the defendant's criminal acts. Therefore, the investigation expenses established here are recoverable under RCW 9.94A.142.

### B. Attorney Fees as an Investigation Expense

Ms. Wilson-Farler contends that even if the other investigative expenses are legitimate, the trial court erred by including Ms. Martin's attorney fees as part of the restitution.

█ We find Ms. Wilson-Farler's argument unpersuasive. First, she incorrectly relies on *State v. Vinyard*, 50 Wn. App. 888, 751 P.2d 339 (1988). *Vinyard* is distinguishable. There, the defendant pleaded guilty to second degree custodial interference. *Id.* at 889. The former husband was awarded expenses incurred in the domestic relations court that included attorney fees incurred during the search for his child. *Id.* at 889, 894. On appeal, this court reversed, reasoning that the attorney fees were unrelated to the crime and not expended "in locating or returning the child, or causally related to the actual crime of custodial interference." *Id.* at 894. Second, for the reasons already discussed, *Martinez* does not further Ms. Wilson-Farler's argument.

Unlike in *Vinyard* and *Martinez*, the attorney fees incurred by Ms. Martin were the direct result of Ms. Wilson-Farler's embezzlement rather than a consequence of a separate action. Here, the attorney was employed to get Ms. Wilson-Farler's bank records and discover deposits of funds embezzled from the victim in order to establish

the victim's loss. The connection to the embezzlement is established.

## C. Evidence Sufficiency

The issue is whether the trial court erred concluding the evidence was sufficient to support the particular amount of restitution set for the investigation expenses.

██ Restitution must be based upon easily ascertainable damages, but a loss need not be established with specific accuracy. *State v. Fleming*, 75 Wn. App. 270, 274, 877 P.2d 243 (1994). " 'Evidence of damage is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.' " *State v. Pollard*, 66 Wn. App. 779, 785, 834 P.2d 51 (quoting *State v. Mark*, 36 Wn. App. 428, 434, 675 P.2d 1250 (1984)), *review denied*, 120 Wn.2d 1015 (1992).

Here, Ms. Martin specified the time she and her bookkeeper spent investigating Ms. Wilson-Farler's embezzlement. She also testified she paid collection fees, and fees to private investigators and an attorney. Ms. Martin's unrebutted testimony was that the total cost for these services was $5,266. This alone supports the court's decision. Additionally, although the exhibits and summary supporting these amounts are not separately part of this record, they are sufficiently discussed in the record of proceedings and further support the trial court's decision. The court noted the amount was uncontested and found it was appropriate. Nothing in the record suggests these costs were unreasonable. We have decided they were necessary using a causal connection test. Thus, we conclude the evidence is sufficient to support the award. *See Johnson*, 69 Wn. App. at 194-95 (sufficient evidence where victim testified that five different individuals reviewed business records during investigation and that each investigator was owed a specific sum of money per an hourly rate).

## CONCLUSION

The trial court did not err by allowing restitution for the

victim's investigation expenses and concluding they were causally connected to Ms. Wilson-Farler's embezzlement. The amount is supported by sufficient evidence in this record.

Affirmed.

KURTZ, C.J., and SCHULTHEIS, J., concur.