RICHARD D. JOHNSON,
*Court Administrator/Clerk*

*The Court of Appeals*
of the
*State of Washington*
*Seattle*

DIVISION I
One Union Square
600 University Street
98101-4170
(206) 464-7750
TDD: (206) 587-5505

March 10, 2014

Prosecuting Atty King County
W554 King County Courthouse
516 Third Avenue
Seattle, WA, 98104
paoappellateunitmail@kingcounty.gov

Kelsey K Schirman
516 3rd Ave Ste W554
Seattle, WA, 98104-2362
Kelsey.Schirman@kingcounty.gov

Nielsen Broman Koch Pllc
Attorney at Law
1908 E Madison St
Seattle, WA, 98122
Sloanej@nwattorney.net

Jennifer J Sweigert
Nielsen Broman & Koch PLLC
1908 E Madison St
Seattle, WA, 98122-2842
SweigertJ@nwattorney.net

CASE #: 69544-4-I
State of Washington, Respondent v. Michael Sayers, Appellant

King County, Cause No. 10-1-05793-1.KNT

Counsel:

Enclosed is a copy of the opinion filed in the above-referenced appeal which states in part:

"Accordingly, we affirm the order of restitution."

Counsel may file a motion for reconsideration within 20 days of filing this opinion pursuant to RAP 12.4(b). If counsel does not wish to file a motion for reconsideration but does wish to seek review by the Supreme Court, RAP 13.4(a) provides that if no motion for reconsideration is made, a petition for review must be filed in this court within 30 days.

In accordance with RAP 14.4(a), a claim for costs by the prevailing party must be supported by a cost bill filed and served within ten days after the filing of this opinion, or claim for costs will be deemed waived.

Should counsel desire the opinion to be published by the Reporter of Decisions, a motion to publish should be served and filed within 20 days of the date of filing the opinion, as provided by RAP 12.3 (e).

Sincerely,

Richard D. Johnson
Court Administrator/Clerk

jh

Enclosure
c:    The Honorable Patrick Oishi
       Michael Lane Sayers


## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69544-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL LANE SAYERS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant, | ) | FILED: March 10, 2014 |
| | ) | |

VERELLEN, J. — As part of his plea agreement, Michael Sayers agreed to pay restitution for all losses from and damages to a stolen excavator. Because the State's evidence supporting the actual loss for the excavator was based on easily ascertainable damages and proved by a preponderance of the evidence, the trial court did not abuse its discretion in awarding restitution for the loss. Accordingly, we affirm the order of restitution.

In December 2009, the owner of a truck and excavator reported those vehicles stolen. The owner received reimbursement for the value of the excavator from his insurance company in the amount of $19,197. In June 2010, police discovered that Sayers possessed several pieces of stolen property, including the truck and the excavator. An uncut key had been used to start the excavator, there was damage to the access panel and the ignition, and the owner's logo had been painted over.

The State charged Sayers with possession of a stolen vehicle and possession of stolen property in the first degree. The charge of possession of stolen property encompassed Sayers' possession of the excavator. As part of a plea agreement, Sayers pleaded guilty to an amended charge of taking a motor vehicle without permission in the second degree. He also agreed to pay restitution for "all losses from and damages to the stolen truck, the stolen excavator, and their contents."[1] In return for the reduced charge, the State agreed not to file additional property crimes against the defendant arising out of the same incident.

The court held a contested restitution hearing. The State asked that restitution be granted to Safeco Insurance Company in the amount of $10,749.50. This was calculated by subtracting the amount Safeco received when it sold the excavator as salvage ($8,447.50) from the amount it paid on the claim ($19,197.00) The trial court noted that the amount Safeco paid to the owner was based on the value of comparable excavators.

The trial court found that the State proved by a preponderance of the evidence that Safeco's actual loss was $10,749.50. It then ordered restitution to Safeco in that amount.

The sole issue on appeal is whether the trial court abused its discretion in awarding $10,749.50 in restitution to Safeco. Sayers argues that the amount of restitution is unreasonable because it is not supported by the evidence and it was not causally connected to his crime. We disagree.

---

[1] Clerk's Papers at 26.

"A court's authority to order restitution is derived solely from statute."[2] A judge must order restitution whenever a defendant is convicted of an offense that results in loss of property.[3] Generally, restitution is permitted only for losses that are causally connected to the charged crimes.[4] But if the defendant expressly agrees to pay restitution for crimes for which he was not convicted, restitution properly extends to the agreed items.[5]

The amount of restitution must be based "on easily ascertainable damages."[6] While the claimed loss need not be established with specific accuracy, it must be supported by substantial credible evidence.[7] "'Evidence supporting restitution is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'"[8] The State must prove the damages by a preponderance of the evidence.[9]

---

[2] State v. Gonzalez, 168 Wn.2d 256, 261, 226 P.3d 131 (2010).

[3] RCW 9.94A.753(5).

[4] State v. Griffith, 164 Wn.2d 960, 965-66, 195 P.3d 506 (2008) (quoting State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007)).

[5] Id. (quoting State v. Woods, 90 Wn. App. 904, 908, 953 P.2d 834 (1998)).

[6] Id. (quoting RCW 9.94A.753(3)).

[7] Id. (quoting State v. Fleming, 75 Wn. App. 270, 274-75, 877 P.2d 243 (1994)).

[8] Id. (internal quotation marks omitted) (quoting State v. Hughes, 154 Wn.2d 118, 154, 110 P.3d 192 (2005)).

[9] Id.

A decision to impose restitution is generally within the discretion of the trial court, and the size of the award will not be disturbed on appeal absent an abuse of discretion.[10] "A court abuses its discretion only when its order is manifestly unreasonable or untenable."[11]

Here, Sayers' agreement to pay "all losses from and damages to . . . the stolen excavator" supports the restitution award, whether or not causally related to the charged crimes.[12] The amount of Safeco's loss is the difference between the $19,197.00 Safeco paid to its insured and the $8,447.50 Safeco received when it sold the excavator as salvage. Safeco's net loss of $10,749.50 is supported by the record.

Sayers argues that the excavator was in the same condition when it was recovered except for "minor" damage. He contends the award was an abuse of discretion because either the "fair market value" Safeco paid to the owner was inflated or the salvage value it received when it sold the excavator was unreasonably low. But the fair market value paid to the owner is supported by the comparable values documented by Safeco. And the damaged excavator was sold for salvage by Safeco six months after it was stolen. It was within the discretion of the trial court to conclude that Safeco, driven by a profit motive, neither overpaid its insured nor failed

---

[10] State v. Gray, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012).

[11] Id.

[12] Clerk's Papers at 26; Griffith, 164 Wn.2d at 965-66. Sayers argues that State v. Dedonado, 99 Wn. App. 251, 991 P.2d 1216 (2000) requires more than submitting proof of the expenditures to replace stolen property. Id. at 257. But unlike here, a causal connection was necessary because Dedonado did not specifically agree to replace the damaged property as part of his plea agreement. Id. at 253. Therefore, Dedonado is distinguishable.

to maximize its return on the damaged excavator. The $10,749.50 net loss suffered by Safeco is not the result of speculation or conjecture. The amount of the restitution award was adequately supported by the record and was within the discretion of the trial court.

Affirmed.

WE CONCUR: