IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 83096-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL DAVID MURPHY, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Michael Murphy resolved his pending felony by plea after reaching an agreement with the State, which included payment of restitution as a condition. At the restitution hearing, defense counsel advised the court that RCW 9.94A.753(5) justified reducing the restitution amount upon a finding of exceptional circumstances and suggested Murphy's history of mental health issues and inability to work satisfied the statute. After confirming the method of valuation underlying the request from the corporate victim, the court imposed the full restitution amount sought by the State. Murphy avers that the trial court misunderstood the scope of its discretion under the statute and therefore erred by not reducing the amount of restitution ordered. Finding the trial court did not abuse its discretion, we affirm.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

Michael Murphy entered a guilty plea to attempted arson in the first degree pursuant to a plea agreement with the State. The offense arose from an incident when Murphy started several small fires inside of a Walgreens as a diversion in order to shoplift. Firefighters were able to put out the fires, but merchandise was damaged by the chemicals utilized in the fire extinguishers and ultimately deemed a loss as it was unsuitable for sale.

Murphy agreed to pay restitution as part of the signed plea agreement, which specifically stated that Murphy would, "pay restitution TBD for all damages and losses." The probable cause affidavit supporting the charging document filed by the State provided estimates as to the amount of damages, based on both fire remediation and product loss, totaling over $400,000. After entry of the plea, the State ultimately sought $573,506.69 in restitution from both loss of merchandise and the cost of cleanup from the fire. Defense filed a written motion challenging the amount requested and the matter was taken up at a hearing a few months after sentencing. Murphy did not attend as the court had previously accepted his waiver of his right to be present for the restitution hearing.

When the court heard argument, defense counsel also asserted that the trial court should exercise its discretion under statutory authority and not award the full amount requested by the State based on "extraordinary circumstances" which counsel suggested made restitution "inappropriate." She explained that Murphy had been in and out of psychiatric hospitals for decades and that he was "unlikely to be able to work, even when he is released from confinement." The trial court

questioned whether it could waive restitution based on inability to pay and if the amount being requested was based on retail value or replacement cost, but did not otherwise comment on the request from defense counsel. The trial court set the hearing over one week for the State to clarify whether the requested amount was based on replacement cost or retail value of the damaged items. At the second hearing, the State advised the court that the amount of the claim was based on replacement cost. The trial court ordered restitution in the requested amount of $573,506.69. Murphy now appeals.

ANALYSIS

Murphy argues that the trial court "abused its discretion when it failed to exercise its discretion to consider whether indigence combined with mental illness constitutes an extraordinary circumstance to limit restitution." (Capitalization omitted).[1]

We review orders on restitution for abuse of discretion. State v. Kinneman, 122 Wn. App. 850, 857, 95 P.3d 1277 (2004). Failure of a court to recognize its discretion constitutes an abuse of discretion. State v. Gaines, 16 Wn. App. 2d 52, 57, 479 P.3d 735 (2021). The authority for a court to impose restitution is purely statutory. State v. Johnson, 69 Wn. App. 189, 191, 847 P.2d 960 (1993). The language of our restitution statutes indicates the legislature's intent to provide

---

[1] The State argues Murphy did not adequately raise extraordinary circumstances in the trial court such that we should decline to review it. We disagree as Murphy's counsel made that specific assertion, utilizing that very phrasing, at the first restitution hearing. The issue is preserved for appeal.

broad discretion to sentencing courts in ordering restitution. State v. Davidson, 116 Wn.2d 917, 920, 809 P.2d 1374 (1991).

Specifically at issue in this case is RCW 9.94A.753(5), which was cited to the trial court at the first restitution hearing and provides:

> (5) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property or as provided in subsection (6) of this section unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record.

Murphy asserts that the trial court did not recognize its discretion to impose little or no restitution as part of the resolution of his case. However, he does not identify anything in the record which suggests that the trial court did not understand its discretion under the statute.[2] Further, while Murphy's counsel properly noted that the statute allowed the court to reduce the amount of restitution and explicitly cited Murphy's mental health and inability to work as "extraordinary circumstances" contemplated by the law, the record does not demonstrate that she provided anything to the court beyond her assertions as to those barriers faced by her client. The trial court continued the hearing based only on questions about the valuation of loss underlying the amount requested. In the week between the two restitution hearings, defense counsel does not appear to have supplemented the record as to Murphy's history of mental health hospitalizations, any available diagnostic information, or the impact of mental health conditions on his ability to earn a living,

---

[2] Murphy notes that the court did inquire of the parties as to whether there had been any change in the law regarding inability to pay as an independent basis for reducing an award of restitution, but clarification about one aspect of the law does not demonstrate failure to comprehend the scope of discretion as to another matter.

- 4 -

nor did she otherwise return to the issue at the second hearing. Nonetheless, even if the court had been inclined to entertain Murphy's request, with only the limited assertions provided here it was not error for the court to ultimately award the full amount.

Based on this record, the court did not abuse its discretion in declining to reduce the amount of restitution ordered, particularly in light of the plea agreement which expressly included restitution as a key term to resolve Murphy's case.

Affirmed.

WE CONCUR: