[No. 19146-2-I. Division One. January 8, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. AARON SAMUEL RALEIGH, *Appellant*.

---

*Scott J. Engelhard* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Stanfield, Deputy,* for respondent.

COLE, J.*—Aaron S. Raleigh appeals the order of restitution entered upon his conviction following a guilty plea to second degree burglary.

On February 14, 1986, Raleigh was charged by information with the crime of burglary in the second degree, as follows:

> That the defendants Aaron Samuel Raleigh and Robert Justine Paul Hart, and each of them, together with others, in King County, Washington, during a period of time intervening between July 14, 1985 through July 19, 1985, did enter and remain unlawfully in a building, St. Madeline [*sic*] Sophie's Catholic Church, located at 4400–130th Place S.E., in said county and state, with intent to commit a crime against a person or property therein, to–wit: theft . . .

Raleigh's codefendant, Hart, was also charged by information with a second count, burglary in the second degree. The information alleged that Hart, "together with others", during a period between July 20 and July 21 burglarized another Bellevue church, St. Margaret's.

Raleigh pleaded guilty to the charge of burglary in the second degree. In his statement on plea of guilty, Raleigh

---

*Judge W. R. Cole is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

stated: "I broke into St. Madeline [*sic*] Sophie's Catholic Church, in King County and took Rainier Beer. I was not authorized to take the beer or to be in the church." Both Raleigh and Hart were ordered to make restitution in the amount of $9,179.01. (Hart's restitution order was entered on May 2, 1986, several weeks before the order in Raleigh's case.) The order setting restitution states: "Restitution is a joint and several obligation with co-defendant, Robert Justine Paul Hart, . . . if convicted. There will be additional restitution for St. Margaret's Episcopal Church." No evidence was presented at the sentencing hearing regarding the amount of restitution. The figure was derived from the order of restitution already entered against codefendant Hart. (Apparently, the reference to St. Margaret's is also copied from Hart's restitution order, as the record does not otherwise indicate that Raleigh was involved in that burglary.) Raleigh's counsel asked the court to set a restitution hearing to determine the amount that could be attributed to Raleigh. Instead of granting the defense request, the court stated: "Move against it if there is some problem."

Raleigh then filed a motion to reconsider. At the hearing on the motion for reconsideration, defense counsel presented an insurance statement of loss, including an inventory of the items stolen from St. Madeleine Sophie's Church. On the inventory next to the items stolen are notations of days of the week, apparently indicating those days on which the various items were stolen. The date of loss on the statement of loss is listed as "7/14,15,16,18/85–theft." Raleigh argued that because there were four incidents of burglary during the time period in which his count was charged and because he had pleaded guilty to only one incident—breaking into the church and stealing beer—the State must prove which portion of the loss is attributable to Raleigh. Although his guilty plea statement does not specify a date, Raleigh contended that he entered the church only on July 14 and that the statement of loss stated that on *Sunday* only beer in the amount of $89 was stolen. The defense contended that Raleigh should be ordered to pay a

total of $112.92 representing the amount of pop and beer stolen. The prosecutor stated to the court:

> We charged it over one count alleging several days to give all the defendants the benefit of not having a lot of counts and to simplify there is quite obviously in the situation a lot of intrusions going on into a church building and various items taken at various times. We are not going to be able to know who went in what day and who took what what day.

The prosecutor also argued that the amount had already been determined by the court in the sentencing of Hart and that it was a joint and several obligation. The court ruled:

> These applications are joint and several. There were so many people involved, but I would assume, as in a civil case, you can specify what part is yours. The burden on you to demonstrate it. I don't think you have. I can review it at a later time. I think you better make some payments.

The issue is whether the trial court erred in ordering Raleigh to pay restitution for the total amount of damages sustained by the church in the course of several burglaries during the time period in which the count was charged.

Raleigh contends he was denied due process of law by the entry of the restitution order without the presentation of evidence by the State on the amount of damage or loss resulting from his actions. He further contends that he was erroneously ordered to pay restitution for other burglaries which occurred within the same period as the charged burglary. We agree that the order was improper, and therefore vacate the order and remand for a restitution hearing.

██ RCW 9.94A.142, the restitution statute applicable to offenses committed after July 1, 1985, provides:

> (1) When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days and shall set the terms and conditions under which the defendant shall make restitution. Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property . . . The amount of restitution shall not exceed double the amount

of the offender's gain or the victim's loss from the commission of the crime. . . .

(2) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record.

Proof of loss for imposing restitution requires evidence sufficient to afford a reasonable basis for estimating the loss, a standard similar to that required to prove damages in a tort action. *State v. Smith,* 33 Wn. App. 791, 796–97, 658 P.2d 1250 (1983). Here, contrary to this rule, no evidence regarding loss was presented at Raleigh's sentencing hearing. Instead, the court relied only on a prior determination of the amount in the codefendant's restitution order.

■ RCW 9.95.210(2), the statute providing for restitution as a condition of probation, has recently been interpreted to broaden the authority of the trial court in ordering restitution. *State v. Barr,* 99 Wn.2d 75, 78, 658 P.2d 1247 (1983); *State v. Forbes,* 43 Wn. App. 793, 799, 719 P.2d 941 (1986). However, the general rule in criminal cases is that restitution may be ordered only for losses incurred as a result of crimes charged. Absent express agreement to the contrary as part of the plea bargain process, a defendant may not be ordered to pay restitution for loss beyond the scope of the crime charged. *State v. Eilts,* 94 Wn.2d 489, 617 P.2d 993 (1980); *State v. Hartwell,* 38 Wn. App. 135, 684 P.2d 778 (1984); *State v. Mark,* 36 Wn. App. 428, 675 P.2d 1250 (1984). In *State v. Eilts, supra,* the court held that the trial court exceeded its statutory authority in ordering the defendant to pay restitution to all victims of a stock fraud scheme when the defendant had been charged only with defrauding eight persons named in the information.[1] The court noted that restitution must be

---

[1]After the *Eilts* decision, the Legislature amended RCW 9.95.210. The provision now reads: "The court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as

reasonably related to the goals of reparation or prevention of future claims. *Eilts,* at 493; *State v. Slemmer,* 48 Wn. App. 48, 59–60, 738 P.2d 281 (1987). The court in *Eilts* stated, "If a restitution order is expected to direct a defendant to accept responsibility for a crime, the order must be reasonably related to that crime." *Eilts,* at 494.

The restitution order here violates this principle. While, technically, it may be said that Raleigh was ordered to pay restitution for loss incurred as a result of the crime charged, this is so only because of the imprecise manner in which the crime was charged. In reality, there is a disparity between the crime to which Raleigh pleaded guilty (in his own words, he entered the church and took beer) and the extent of loss to the church in the course of several burglaries during the period for which Raleigh was charged.

Before entering a plea of guilty, the defendant must be advised of all the direct consequences of his plea, including the possibility of restitution. *State v. Cameron,* 30 Wn. App. 229, 233, 633 P.2d 901 (1981). Raleigh's guilty plea form states: "I understand that I may have to pay restitution for crime(s) to which I enter a guilty plea and for any other uncharged crime(s) for which I have agreed to pay restitution." The plea agreement form, signed by Raleigh, also indicates that he was informed of the possibility of restitution; the boxes checked on the form indicate that Raleigh had agreed to pay restitution "in full to victim(s) on charged counts." The phrase "restitution in full" is ambiguous in this case. The record does not demonstrate that Raleigh agreed to pay restitution on uncharged counts or that he was advised that restitution would be ordered for all the property taken from the church.

---

are necessary . . . (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question *or when the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement . . .*"

The State presented no evidence at the sentencing hearing to establish the amount of loss. While the statute is silent on the matter, the failure of the court to grant a separate restitution hearing before sentencing violated Raleigh's right to due process. *State v. Mark, supra* at 435.

The trial court erred in imposing restitution without taking evidence on the matter, but instead relying only on the previous order imposing restitution on the codefendant, Hart. Further, the court erred in ordering restitution for the total amount when there is no evidence that Raleigh was informed he could be held liable for more than that to which he pleaded guilty, *i.e.*, taking beer. We therefore vacate that portion of the judgment and sentence ordering restitution and remand for a restitution hearing, consistent with this opinion.

RINGOLD, A.C.J., and SWANSON, J., concur.

Review denied by Supreme Court April 5, 1988.