[No. 12347-2-III.   Division Three.   March 17, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. MOSES ALEXANDER TRACY, *Appellant.*

*David W. Hubert,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Bruce Hanify, Deputy,* for respondent.

SWEENEY, J. — Moses Alexander Tracy stabbed Frank Lewis in the leg following an altercation at a 7-Eleven store in Yakima. Mr. Tracy entered an *Alford*[1] *plea to an amended information charging unlawful display of a weapon capable of producing bodily harm. RCW 9.41.270.*[2] *Before accepting the plea, the court advised Mr. Tracy the maximum sentence for the offense was no more than 1 year in jail and/or a $5,000 fine. The court did not mention the possibility restitution could be ordered as a result of the plea.*

At the sentencing hearing which followed, the victim addressed the court and requested his medical bills be paid. The prosecutor advised the court restitution was not an agreed requirement of the plea agreement because it was his understanding the victim's medical bills would be paid through public assistance. The court imposed a suspended jail sentence and ordered Mr. Tracy to pay $950.87 restitution.[3]

The sole issue on appeal is whether the court erred in imposing restitution. We vacate the order of restitution because the trial court did not advise Mr. Tracy about the

[1]North Carolina v. Alford, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

[2]That statute provides:

"(1) It shall be unlawful for anyone to carry, exhibit, display or draw any firearm, dagger, sword, knife or other cutting or stabbing instrument, club, or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons."

[3]The court found that the displaying of the knife was "directly and causally connected to the injuries. . . . [B]ut for the acts of the defendant, no injury would have occurred. The injury was a substantial result of the acts of the defendant or directly resulted from."

possible imposition of restitution when the *Alford* plea was entered.

## DISCUSSION

■ A court does not have inherent power to impose restitution; the authority to impose restitution is derived from statute. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). Restitution may be ordered as a condition of a sentence when

> the offender pleads guilty to a lesser offense or fewer offenses *and agrees with the prosecutor's recommendation that the offender be required to pay restitution* to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement . . ..

(Italics ours.) RCW 9.92.060.

■ The payment of restitution is a direct consequence of entering a plea. *State v. Cameron*, 30 Wn. App. 229, 233, 633 P.2d 901, *review denied*, 96 Wn.2d 1023 (1981). Therefore, a "sentencing court may not impose restitution upon a defendant who pleads guilty, unless defendant is advised of that possibility prior to entering his plea." *Cameron*, at 234; *State v. Raleigh*, 50 Wn. App. 248, 253, 748 P.2d 267 (before entering a plea of guilty, the defendant must be advised of all the direct consequences of his plea, including the possibility of restitution), *review denied*, 110 Wn.2d 1017 (1988). *See also State v. Miszak*, 69 Wn. App. 426, 848 P.2d 1329 (1993) (court vacated order of restitution because there was no evidence defendant had agreed to pay restitution for the uncharged counts — that is, defendant had not agreed to pay for more than that to which she admitted taking).

Here, the court did not inform Mr. Tracy of the possibility of restitution prior to accepting the *Alford* plea. At the sentencing phase of the hearing, the prosecutor informed the court restitution "was not an agreed requirement". Mr. Tracy's plea was otherwise voluntary.

We note paragraph 6(e) of "Statement of Defendant on Plea of Guilty" advised Mr. Tracy that restitution might be imposed if the crime resulted in injury to a person or property:

IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA, I UNDERSTAND THAT:

. . . .

(e) In addition to sentencing me to confinement for the standard range, the judge will order me to pay $100 as a victim's compensation fund assessment. If this crime resulted in injury to any person or damage to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate. The judge may also order that I pay a fine, court costs, and attorney fees.

Prior to entering his plea, however, Mr. Tracy was neither advised of the possibility of restitution nor did he agree that restitution might be ordered. The appropriate remedy is to strike the order of restitution. *Cameron*, at 234 (citing *In re Palodichuk*, 22 Wn. App. 107, 589 P.2d 269 (1978)).

In *Cameron* the court could not ascertain from the record whether the trial court would have imposed a fine, or any part thereof, in the event restitution proved to be unavailable. It therefore remanded for resentencing for imposition of such fine as the trial court may in its discretion impose. *Cameron*, at 234. We disagree with that approach.

The court imposed a 180-day sentence, but suspended 173 days. It ordered Mr. Tracy to pay court costs, probation costs and a $100 victim assessment. The record here does not indicate the imposition of restitution was in lieu of a fine or that the judge intended to impose a fine as part of the sentence. Under these circumstances, we believe remand to the trial court is not required.

Mr. Tracy's conviction is affirmed; the order of restitution is reversed.

THOMPSON, C.J., and MUNSON, J., concur.