IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30440-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JUAN LEONARDO APARICIO | ) | |
| MARTINEZ, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Juan Aparicio Martinez argues that the trial court did not have authority to impose restitution under RCW 9.94A.753(5) and improperly found that he currently had the ability to pay his legal financial obligations (LFOs). We disagree with his first argument, but agree with his second.

FACTS

In early February 2011, Mr. Martinez and three other individuals broke into a Bridgeport home while the family was away. The group stole three firearms and other valuable personal property. He was charged with first degree burglary, first degree theft, three counts of firearm theft, and first degree trafficking in stolen property. After hearing

the evidence against him, Mr. Martinez agreed to a plea deal. He then pleaded guilty to amended charges of residential burglary, first degree theft, and one count of theft of a firearm.

The trial court later sentenced Mr. Martinez to 22 months of incarceration. The trial court held a restitution hearing the following month. Mr. Martinez and his codefendants were jointly and severally ordered to make restitution of $26,019.82. Mr. Martinez timely appealed to this court.

## ANALYSIS

Mr. Martinez contends the trial court erred by failing to advise him prior to accepting his guilty plea that he might have to pay restitution. He also argues that the court erred by finding that he had the ability to pay his LFOs without first taking evidence of his current or future ability to pay. We address both of these issues in turn.

This court reviews de novo the circumstances under which a guilty plea was made. *Young v. Konz*, 91 Wn.2d 532, 536, 588 P.2d 1360 (1979). In *Tracy*, this court struck an order to pay restitution because prior to entering his guilty plea, "Mr. Tracy was neither advised of the possibility of restitution nor did he agree that restitution might be ordered." *State v. Tracy*, 73 Wn. App. 386, 389, 869 P.2d 425 (1994). Mr. Martinez argues that he was not advised of the possibility of restitution and therefore should not have to pay it.

Mr. Martinez, however, was advised of the possibility of restitution. He acknowledged as much when he signed the "Statement of Defendant on Plea of Guilty":

2

> In addition to sentencing me to confinement, the judge will order me to pay $500.00 as a victim's compensation fund assessment. If this crime resulted in injury to any person or damage to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate. The amount of restitution may be up to double my gain or double the victim's loss. The judge may also order that I pay a fine, court costs, attorney fees and the costs of incarceration.

Clerk's Papers at 15 (Statement of Defendant on Plea of Guilty ¶ 6(e)). Mr. Martinez counters that the plea form signed by Mr. Tracy contained an almost identical paragraph 6(e) which was found to be legally deficient. *Tracy*, 73 Wn. App. at 389.

While paragraph 6(e) was legally deficient in *Tracy*, it was perfectly acceptable in this case. Mr. Tracy was convicted of "unlawful display of a weapon capable of producing bodily harm." *Tracy*, 73 Wn. App. at 387 (emphasis omitted). Unlawful display of a weapon is not a crime resulting in "injury to any person or damage to or loss of property"; thus, paragraph 6(e) failed to advise Mr. Tracy of the possibility that he would be ordered to pay restitution. Here, Mr. Martinez's commission of burglary and theft resulted in a "loss of property." Thus, paragraph 6(e) properly advised him that restitution was a possible result of his plea. While the trial court did not orally advise Mr. Martinez that he would be ordered to pay restitution, it did not need to. *In re Pers. Restraint of Stoudmire*, 145 Wn.2d 258, 266, 36 P.3d 1005 (2001) ("Knowledge of the direct consequences of a guilty plea can be satisfied either by the plea documents or by clear and convincing extrinsic evidence."). Accordingly, no error occurred by ordering Mr. Martinez to pay restitution.

3

Next, Mr. Martinez argues that the court had no basis for determining that he has the ability to pay his LFOs. While there is no need to enter formal findings of fact, there must be sufficient evidence in the record to enable an appellate court to review the finding. *State v. Bertrand*, 165 Wn. App. 393, 267 P.3d 511 (2011), *review denied*, 175 Wn.2d 1014 (2012). The record here is devoid of any evidence of Mr. Martinez's financial resources. The proper remedy is to affirm the imposition of LFOs, reverse the finding of present or future ability to pay, and "remand to the trial court to strike finding number 2.5 from the judgment and sentence." *Id.* at 405.

Affirmed in part, reversed in part, and remanded with instructions to strike finding number 2.5 from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____          _____
Brown, J.                                 Siddoway, J.

4