FILED
COURT OF APPEALS
DIVISION II

2014 JUN 17 AM 8: 34

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43819-4-II |
| Respondent, | |
| v. | |
| SAMUEL PATRICK FARLAND, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Samuel Farland appeals his restitution order following his guilty plea on a burglary charge. The prosecutor's recommendations in Farland's guilty plea statement did not provide for payment of restitution on uncharged crimes, but the State's offer of settlement (attached to the guilty plea statement) stated that Farland would pay restitution for uncharged crimes. Farland argues that the trial court erred in ordering restitution for an uncharged burglary because he never agreed to the restitution provision in the offer of settlement. We agree. Because there is no evidence that Farland expressly agreed to pay restitution for the uncharged burglary, we strike the portion of the ordered restitution relating to that crime.

Anticipating this appeal, the trial court ordered that if Farland was successful on appeal regarding restitution on the uncharged burglary, the amount of restitution for the charged burglary would be double the victim's actual damages as allowed by statute. Farland argues that this violates his constitutional right to appeal. We disagree. However, we hold that the trial court abused its discretion in doubling the amount of restitution if Farland's appeal was successful without providing a basis for that increase. Accordingly, we strike the portion of the

contingent provision in the restitution order that doubles the amount of restitution for the charged crime. We remand for modification of the restitution order to provide for an award of restitution against Farland in the amount of $10,107.80.

FACTS

Farland pleaded guilty to one count of second degree burglary for a July 13, 2011 break-in at a business. His guilty plea statement expressly provided for restitution on the charged crime, but did not reference restitution on uncharged crimes. The guilty plea statement was signed by Farland, his attorney, and the prosecutor. As part of Farland's sentence, the trial court ordered that he pay restitution in an amount to be determined at a future restitution hearing.

At Farland's restitution hearing the business owner testified that the July 13, 2011 break-in caused $10,107.80 in damages. He also testified that on July 15, 2011, the business was broken into again, resulting in $16,656.25 in damages. Although Farland was not charged with the second burglary, the State sought restitution for both crimes. The State requested restitution of only $22,264.05 (rather than the full $26,764.05) because a co-defendant had admitted liability and reached an agreement with the business owner to pay $4,500 in restitution. Farland argued that he only agreed to pay restitution for the crime to which he pleaded guilty.

The trial court ruled that Farland had agreed to pay restitution for both the July 13 and the July 15 burglaries and ordered restitution in the amount of $22,264.05. The trial court relied on an unsigned, undated offer of settlement attached to the back of the guilty plea statement that provided, "The defendant agrees to pay restitution to victims of uncharged crimes contained in the discovery, and/or dismissed counts." Clerk's Papers (CP) at 17. The guilty plea statement did not incorporate or reference this offer. And defense counsel did not recall attaching the offer

2

No. 43819-4-II

of settlement to the plea form and could only speculate how it became attached. The trial further ordered that "if [Farland] appeals and prevails, the court finds that the State has damages from July 13, 2011 burglary at $10,107.80 and the court per RCW 9.94A.750(3) [sic] sets restitution at $20,215.60." CP at 32. Farland appeals the amount of restitution ordered the trial court.

## ANALYSIS

A.  RESTITUTION FOR UNCHARGED CRIME

1.  Standard of Review

Plea agreements are contracts and issues concerning their interpretation are reviewed de novo. *State v. Bisson*, 156 Wn.2d 507, 517, 130 P.3d 820 (2006). Our primary object in interpreting a plea agreement is to give effect to the intent of the parties. *State v. Lathrop*, 125 Wn. App. 353, 362, 104 P.3d 737 (2005). Any ambiguities are resolved against the drafter. *Lathrop*, 125 Wn. App. at 362.

Challenges to the amount of restitution are reviewed for an abuse of discretion. *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). "A trial court abuses its discretion when it bases its decision on untenable or unreasonable grounds." *State v. R.G.P.*, 175 Wn. App. 131, 136, 302 P.3d 885, *review denied*, 178 Wn.2d 1020 (2013). A decision is based on untenable grounds when the court bases its decision on an incorrect interpretation of the law. *R.G.P.*, 175 Wn. App. at 136.

---

[1] RCW 9.94A.753(3) is the proper statute.

3

### 2. Restitution Principles

"A court's authority to impose restitution is statutory." *Griffith*, 164 Wn.2d at 965. RCW 9.94A.753(3) provides that a restitution award must be "based on easily ascertainable damages for injury to or loss of property." The statute allows the trial court broad discretion in determining restitution. *State v. Kinneman*, 155 Wn.2d 272, 282, 119 P.3d 350 (2005). The State need not prove the specific amount of damages with certainty, and it need only prove the damages by a preponderance of the evidence. *State v. Tobin*, 132 Wn. App. 161, 173-74, 130 P.3d 426 (2006), *aff'd*, 161 Wn.2d 517, 166 P.3d 1167 (2007).

One limitation on the award of restitution is that the damages supporting restitution must be causally connected to the crime charged. *Kinneman*, 155 Wn.2d at 286. And restitution cannot be imposed for uncharged crimes unless the defendant enters into an express agreement to pay restitution for such crimes. *Kinneman*, 155 Wn.2d at 286.

### 3. Farland's Plea Agreement

Farland argues that the trial court erred in ordering him to pay restitution for the uncharged burglary because he never expressly agreed to pay restitution on uncharged crimes. We agree.

Farland did not agree to restitution for uncharged crimes in the body of the guilty plea statement signed by Farland, Farland's counsel, and the prosecutor. Section 6(e) of the specifically references restitution for the charged burglary. But the statement makes no to paying restitution for uncharged crimes. Section 6(g) states that the prosecutor will make listed sentencing recommendations to the judge, but that list does not include restitution for uncharged crimes. In fact, although the standard plea form provided in CrR 4.2(g)

provides an option at section 6(g) to incorporate by reference a separate plea agreement, that provision was not included in Farland's plea statement.

The issue here is whether Farland's plea agreement included the terms of the State's offer of settlement, which was attached to the guilty plea statement. Under a heading entitled "Terms Applicable to All Recommendations" the offer of settlement stated, "The defendant agrees to pay restitution to victims of uncharged crimes contained in the discovery, and/or dismissed counts." CP at 17 (capitalization omitted). The offer was not dated and the signature line for the prosecutor was blank. Neither Farland nor his attorney signed the offer of settlement. Farland's attorney stated that he deliberately did not sign the offer of settlement because it gave away or waived too much.

The guilty plea statement did not expressly incorporate or even reference the offer of settlement. Further, the record does not reflect when the offer was attached or who attached it. At the restitution hearing, Farland's counsel represented that he did not recall who attached the offer and the prosecutor remained silent. Farland's counsel did not remember attaching the offer and stated that "we spent some time crafting within the plea—change of plea form that he was only pleading to this one count and not agreeing to anything else." Report of Proceedings (RP) at 66.

During the guilty plea hearing there was no discussion of the offer of settlement and no indication that Farland agreed to pay restitution for uncharged crimes. At one point during the hearing, the trial court stated "Well, he said he only did it one time at this location. That's his indicia. . . . So, that's what he has agreed to plead to. So, that's for restitution purposes what you have agreed to, is that correct?" Farland replied "Yeah." RP at 17.

5

No. 43819-4-II

There also was no mention of restitution for uncharged crimes at the subsequent sentencing hearing. The following exchange took place regarding restitution:

[STATE]: . . . . There was one question on restitution. Is that in dispute?

[DEFENSE COUNSEL]: Yes. Well, I don't know what you came to a figure — it was. We decided a restitution hearing would be needed. There's — perhaps you are not familiar with it. There were several people at different times going into [the business].

[COURT]: He testified to one only. What was his amount of restitution [ ]?

[STATE]: Well, the joint and several amount that is listed is $10,107.00 (inaudible) —.

RP at 81. This exchange suggests that at the time of sentencing, the trial court, the State, and Farland understood that restitution would be for the charged crime. It was not until the restitution hearing that restitution for the uncharged crime was discussed.

Under these facts, we hold that Farland did not *expressly* agree to pay restitution for uncharged crimes. The signed guilty plea statement did not provide for restitution for uncharged crimes, and the statement did not incorporate or even reference the State's offer of settlement containing the provision on restitution for the uncharged crime. The attached offer is of dubious significance because the record does not reflect how it came to be attached to Farland's statement. Therefore, the State has not proven that Farland expressly agreed to pay restitution for uncharged crimes. *See State v. Raleigh*, 50 Wn. App. 248, 253, 748 P.2d 267 (1988) (ambiguity between guilty plea form acknowledging restitution for uncharged crimes and a signed plea agreement only agreeing to restitution in full did not demonstrate an express agreement).

6

Because Farland never expressly agreed to pay restitution for uncharged crimes, we hold that the trial court erred by ordering Farland to pay restitution for the uncharged burglary. Accordingly, we strike the amount of the ordered restitution attributable to the July 15, 2011 burglary.

### B. CONTINGENT ORDER DOUBLING RESTITUTION

After ordering restitution for the uncharged burglary, the trial court stated in its order that "if [Farland] appeals and prevails, the court finds that the State has proven from July 13, 2011 burglary at $10,107.80 and the court per RCW 9.94A.750(3) [sic][2] sets restitution at $20,215.60." CP at 32. Farland argues that issuing an alternative restitution amount contingent on the outcome of his appeal violated his constitutional right to appeal because that order is not a final order and therefore is not appealable. We disagree that the does not violate Farland's right to appeal. However, we hold that the trial court abused its discretion in increasing the amount of restitution for the charged crime in the contingent Accordingly, we strike the portion of the contingent provision in the restitution order that doubles the amount of restitution for the charged crime.

#### 1. Violation of Right to Appeal

Article I, section 22 of the Washington Constitution provides: "In criminal prosecutions the accused shall have . . . the right to appeal in all cases." *See State v. Tomal,* 133 Wn.2d 985, 988, 948 P.2d 833 (1997). Farland argues that the contingent order violates this right. We disagree.

---

[2] The correct statutory reference is RCW 9.94A.753(3).

Farland's reasoning is that the contingency is not a final order and therefore cannot be appealed, which constitutes a constitutional violation. However, he provides no authority for his assertion and his argument is misguided. If the initial order was not vacated, the contingency never would have gone into effect and would have had no impact on Farland. But because we ruled in favor of Farland, the contingent order became effective and matured into an appealable final order. Accordingly, we hold that Farland's constitutional right to appeal has not been violated.

2. Abuse of Discretion

Farland does not argue that the trial court abused its discretion in entering the order. We generally do not address issues the parties do not raise on appeal. However, we the authority to raise an issue sua sponte and base our decision on that issue. *State v. Aho*, Wn.2d 736, 741, 975 P.2d 512 (1999). We exercise that authority here.[3]

In the absence of the contingent order, in all likelihood we would order that on the portion of the restitution amount relating to the uncharged crime must be stricken from restitution order. This order would result in a reduction of the restitution amount to the amount of damages the trial court found were attributable to the charged burglary. The question is whether the trial court can change this result through an order that increases the restitution amount for the charged burglary in anticipation of our reversal on restitution for uncharged burglary without providing a basis for that increase.

---

[3] The State argues that we cannot reach the issue because the contingent order is not ripe for review. The State's point may be well taken, and we do not decide whether we would be obligated to consider argument on the propriety of the contingent order in anticipation of the court's opinion. However, our decision striking the restitution attributable to the July 15, 2011 burglary causes the contingency to mature, and we have decided to address the issue sua sponte.

Under RCW 9.94A.753(3), a trial court has discretion to order restitution in an amount up to double the victim's loss. But that discretion is not unlimited. Increasing the amount of restitution must involve "a consciously exercised choice by the court, utilized to further the purposes of the restitution statue." *State v. Fleming*, 75 Wn. App. 270, 276, 877 P.2d 243 (1994). Here, the trial court's contingent order doubles the amount of restitution owed by Farland without any explanation. Nothing in the record suggests that awarding double the amount of damages relating to the charged burglary resulted from a consciously exercised choice or furthered the purposes of the restitution statute. Instead, the contingent order has the appearance of punishing Farland for appealing.

Because the trial court provided no basis for doubling the restitution if Farland's appeal was successful, we hold that the trial court abused its discretion in doubling the amount of restitution for the charged crime in the contingent provision of the restitution order. As a result, we strike the portion of the restitution order that doubles the amount of restitution for the charged crime.

C.     AMOUNT OF RESTITUTION ON REMAND

At Farland's restitution hearing the business owner testified that the July 13 break-in caused $10,107.80 in damages, and that on July 15, 2011, the business was broken into again, resulting in $16,656.25 in damages. The trial court awarded restitution of $22,264.05, which represented the full $26,764.05 less $4,500 in restitution a co-defendant agreed to pay. we are striking the award of restitution for the uncharged crime, the question remains whether the restitution award on remand should be for the full $10,107.80 in damages related to the

No. 43819-4-II

charged crime or whether that amount should be reduced by some portion of the $4,500 the co-defendant agreed to pay.

In the contingent order, the trial court indicated an intention to award the full amount of the damages relating to the July 13 burglary without a reduction for the co-defendant's payment. We give effect to that intent, and order that on remand the trial court modify the restitution order to provide for an award of restitution against Farland in the amount of $10,107.80.

We strike the portions of the trial court's restitution order that (1) award restitution for the uncharged July 15, 2011 burglary, and (2) double the amount of restitution for the charged July 13, 2011 burglary in the event of a successful appeal. We remand for modification of the restitution order to provide for an award of restitution against Farland in the amount of $10,107.80.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

Maxa, J.

We concur:

Bjorgen, A.C.J.

Lee, J.

10