IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35536-5-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 35564-1-III |
| | ) | No. 35582-9-III) |
| v. | ) | |
| | ) | |
| NATHANIEL DEAN MOWEN, | ) | |
| | ) | |
| Appellant. | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSEPH THEODORE JONES, | ) | |
| | ) | |
| Appellant, | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS KEITH ROBERTSON, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Appellants Nathaniel Mowen, Joseph Jones, and

Thomas Robertson appeal the trial court's restitution order of $76,670. Because the trial

court improperly limited cross-examination on the issue of damages, we reverse and

remand for a new restitution hearing.

FACTS

Intruders broke into a storage trailer and stole three or four garbage bags of processed marijuana. Security guard Steven Dikes chased the intruders and recovered one of the bags, which was dropped during the pursuit. He told police that each bag had approximately $15,000 to $20,000 worth of processed and packaged marijuana. He also said that a security camera nearest the entry door had been aimed toward the wall instead of the room.

Police followed footprints from the trailer that led to vehicle tracks. The business owner, Edward Rhinehart, told police that he suspected the theft was committed by Wayne Jones, a current employee, Joseph Jones and Thomas Robertson, former employees, and Nathaniel Mowen.

Police went to speak with Mowen and found a large amount of marijuana residue on his back bumper. They also noticed a similarity between his vehicle tread and the tread pattern they saw near the burgled storage trailer.

Mowen implicated Joseph Jones and Thomas Robertson. Mowen said Jones broke down the trailer door, and they took three or four bags of marijuana. Mowen said they

2

then returned to his place and split the bags.  Mowen had one full bag of marijuana in his garage and two empty bags with marijuana shake residue in them.

Mowen told police that Jones was at the apartment of Jessica Reese.  After police took Jones into custody, Reese allowed police to look in the attic, where police found two garbage bags full of packaged marijuana.  Approximately 40 pounds of product was recovered.

The State charged Mowen, Jones, and Robertson with (1) second degree burglary (2) first degree theft of marijuana, (3) possession of marijuana with intent to deliver, (4) possession of more than 16 ounces of marijuana, and (5) third degree malicious mischief (to the trailer door).  The trio pleaded guilty to some of the counts, including second degree burglary and malicious mischief.  The trial court sentenced each of the men, assessed various legal financial obligations (LFOs) against each, and set a joint restitution hearing.

Rhinehart testified at the joint restitution hearing.  He testified that 31,071 grams of marijuana was stolen in the burglary and, of that amount, only 18,711 grams was recovered.  Rhinehart testified that the market value of his product at the time of the burglary was $3 per gram.  He further testified that the recovered product was substantially damaged, and had to be sold at a discount of 75 cents per gram.  He

estimated his total loss at $37,080 for the missing product, and $14,033 for the damaged product. These two figures total $51,113. He further testified that the cost of replacing the trailer door was $800, and the cost of replacing the damaged security camera was $200.

On cross-examination, Mowen sought to establish that Rhinehart could have sold the damaged marijuana for an amount greater than for what he sold it. The State objected, and the trial court sustained the objection.

The trial court found that Rhinehart's damages were $52,113, and increased that amount by 50 percent. The trial court calculated the restitution award to be $76,670.[1] The trial court ordered the trio to be jointly and severally liable for the amount.

Mowen, Jones, and Robertson appeal from the restitution award and assessment of LFOs.

## ANALYSIS

Mowen, Jones, and Robertson filed separate briefs, and each have differing arguments why the restitution award is improper. We analyze their arguments separately.

---

[1] $52,113.00, increased by 50 percent, actually is $78,169.50.

A. <u>MOWEN'S CHALLENGE</u>: FAILURE TO PERMIT CROSS-EXAMINATION ON DAMAGES

Mowen argues the trial court erred when it restricted his right to cross-examine

Rhinehart on the issue of damages. We agree.

The following exchange occurred during the restitution hearing:

[Mowen]: Isn't it true that—marijuana flower is only one product in a whole litany of products that you produce.
[State]: Objection. Relevance.
THE COURT: I'll sustain—
[Mowen]: Your Honor,—
THE COURT: —the objection. You have to explain why it's relevant, when we're only talking about the product stolen here,—
[Mowen]: Your Honor, this is—
THE COURT: —and the restitution amount.
[Mowen]: This—This question is relevant, your Honor, because—I have reason to believe that the losses claimed here—really aren't a loss at all; in fact,—this marijuana could have been—could have been sold as a separate product, say, for example, trim, marijuana trim can still be sold and recovered.
[State]: And I would renew the same objection.
THE COURT: I'm going to sustain the objection.
I guess my thought there would be, do you think that he could have recovered more than what he now says—a greater value?
If he'd—. If he somehow sold it as trim he'd get a greater price? Is that what you're telling this court?
[Mowen]: Your Honor, I'm simply saying that—25—he's claiming a 25 percent loss.
THE COURT: I'm just asking, are—you think the value of that product that he lost—damage—he could have gotten a greater price for?
[Mowen]: Yes, your Honor. I'm talking about mitigation.

> THE COURT: Then you'll have to at some point present that. But at this point I'm going to sustain the objection. You can present your own testimony.

Mowen Report of Proceedings (RP) (Aug. 23, 2017) at 58-60.

A hearing to determine restitution amounts must meet minimum due process requirements, including the right to cross-examine witnesses. *State v. Raleigh*, 50 Wn. App. 248, 254, 748 P.2d 267 (1988); *State v. Mark*, 36 Wn. App. 428, 435, 675 P.2d 1250 (1984) (Due process is satisfied when the restitution hearing affords the opportunity to present testimony, cross-examine witnesses, and other trial protections.).

Both the Washington and federal constitutions protect the right to cross-examine witnesses. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Lee*, 188 Wn.2d 473, 486-87, 396 P.3d 316 (2017). The right to cross-examine a witness is not absolute and is limited by considerations of relevance. *Lee*, 188 Wn.2d at 487. Reviewing courts evaluate the limitation of cross-examination by considering three factors: (1) whether the evidence is at least minimally relevant, (2) whether the State demonstrates the evidence is so prejudicial as to disrupt the fairness of the fact-finding process, and (3) whether the State's interest in excluding prejudicial evidence outweighs the defendant's need for the information sought. *Id.* at 488 (quoting *State v. Darden*, 145 Wn.2d 612, 622, 41 P.3d 1189 (2002)).

"Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property . . . ." RCW 9.94A.753(5). This requires proof that the losses claimed are causally connected to the crime. *State v. Tobin*, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007). The causal connection is determined by applying a "but for" test—but for the crime, the loss would not have occurred. *State v. Griffith*, 164 Wn.2d 960, 966, 195 P.3d 506 (2008).

Here, Mowen sought to establish by cross-examination that Rhinehart could have avoided some of his claimed loss by selling the damaged marijuana for uses other than the use for which he sold it. If true, Mowen could have argued that his crime did not cause Rhinehart's loss to the extent Rhinehart claimed. The State does not claim that the evidence was unduly prejudicial. Under the three-part *Lee* test, the evidence should have been allowed.

We conclude that the trial court erred in not permitting Mowen to cross-examine Rhinehart on the issue of damages. Although Mowen could have hired an expert to testify on this issue, this did not preclude Mowen from cross-examining Rhinehart on this relevant issue. This error is sufficient in itself to require a new joint restitution hearing.

7

B.    JONES'S CHALLENGE:  INSUFFICIENT EVIDENCE TO SUPPORT RESTITUTION
      AWARD

Jones argues the evidence at the restitution hearing was insufficient to support the

restitution award.  Although technically moot, we address this argument in order to

highlight a concern that may arise after remand.

We review a trial court's order of restitution for an abuse of discretion.  *Tobin*, 161

Wn.2d at 523.  A trial court abuses its discretion when its decision is "'manifestly

unreasonable, or exercised on untenable grounds, or for untenable reasons.'"  *State v.*

*McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v.*

*Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

The sentencing court's authority to order restitution is purely statutory.  *State v.*

*Kinneman*, 122 Wn. App. 850, 859, 95 P.3d 1277 (2004), *aff'd*, 155 Wn.2d 272, 119 P.3d

350 (2005); RCW 9.94A.753(5).  As noted above, RCW 9.94A.753(5) requires the trial

court to award restitution whenever the offender is convicted of an offense that results in

injury to any person or damage to or loss of property.  "[A] victim's loss need not be

established with specific accuracy."  *Kinneman*, 122 Wn. App. at 860.  The evidence is

sufficient if it affords a reasonable basis for estimating the loss and "'does not subject the

trier of fact to mere speculation or conjecture.'"  *State v. Wilson*, 100 Wn. App. 44, 52,

995 P.2d 1260 (2000) (internal quotation marks omitted) (quoting *State v. Pollard*, 66

Wn. App. 779, 785, 834 P.2d 51 (1992)). The State carries the burden to establish by a preponderance of the evidence a causal connection between restitution requested and the crime with which the defendant is charged. *Kinneman*, 122 Wn. App. at 860. "The amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime." RCW 9.94A.753(3).

> The trial court explained its restitution award:
>
> [Rhinehart] sets his total product loss and damage thereto I believe at $51,013, not counting [$800 for] the [damaged] door and [$200 for] the [damaged] security camera. The court is finding that the total amount is $52,113. The court is increasing that by 50 percent. I'm not doubling the amount of damage but I am increasing it by 50 percent.
> That will be joint and several . . . .

Mowen RP (Aug. 23, 2017) at 84.

Jones argues there is insufficient evidence to support the trial court's restitution award of $76,670. We disagree. The evidence supports the trial court's initial award of $52,113. RCW 9.94A.753(3) authorizes the trial court to increase the award by at most double the amount of damages. Here, the trial court intended to increase the award by 50 percent and actually increased it by slightly less than this. In doing so, the trial court acted within its discretion.

The new restitution hearing will likely result in a new restitution amount. We caution against increasing the new restitution amount by more than 50 percent. The

reasons for increasing the amount will likely not change simply because of the new hearing. Were the trial court to increase the new restitution amount by more than 50 percent, it could be deemed vindictive and generate another appeal. *See State v. Ameline*, 118 Wn. App. 128, 133, 75 P.3d 589 (2003); *North Carolina v. Pearce*, 395 U.S. 711, 723-26, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969) (Due process prohibits trial court vindictiveness against a defendant after a successful appeal, and where punishment is greater after remand, there is a rebuttable presumption of trial court vindictiveness.).

C.  ROBERTSON'S CHALLENGE:  INSUFFICIENT EVIDENCE THAT SECURITY CAMERA WAS DAMAGED DURING BURGLARY

Robertson argues the State failed to prove by a preponderance of the evidence that the security camera was damaged during the burglary. This argument is moot, given our resolution of this appeal.

D.  IMPOSITION OF DISCRETIONARY LFOS

Mowen, Jones, and Robertson raise additional issues related to the imposition of discretionary LFOs. Because we conclude that a new restitution hearing is required, we do not reach those issues.[2]

---

[2] We nevertheless question the State's argument relating to the trial court's imposition of discretionary LFOs. The plea agreement recites that the defendants have the present or likely future ability to pay the financial obligations and restitution. The State, citing this language, argues that the defendants agreed they could pay these costs.

Reversed and remanded for joint restitution hearing.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

WE CONCUR:

_Fearing, J._

Fearing, J.

_Pennell, J._

Pennell, J.

---

We disagree. Language in a plea agreement cannot bypass RCW 10.01.160(3)'s requirement that trial courts, before imposing discretionary LFOs, must inquire whether a defendant has the present or likely future ability to pay. *See State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015) (Language in judgment and sentence that the trial court inquired and the defendant had the present ability or likely future ability to pay is ineffective.).

11