**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46926-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| URIEL L. GARCIA, | |
| Appellant. | |

BJORGEN, C.J. — Following Uriel Garcia's guilty plea to unlawful delivery of a controlled substance, the sentencing court ordered Garcia to pay $13,144.25 in restitution for Brian Froslie's funeral expenses and grief counseling for Froslie's mother. Garcia appeals from the restitution order, asserting that the sentencing court lacked statutory authority to impose restitution because (1) damages stemming from Froslie's death were not causally connected to his unlawful delivery of a controlled substance conviction, and (2) he did not expressly agree to pay restitution for damages stemming from his dismissed charge of controlled substances homicide as part of his guilty plea. We agree and reverse the restitution order.

FACTS[1]

On October 9, 2013, the State charged Garcia with one count of controlled substances homicide, alleging that on or about February 9-10, 2008, Garcia had knowingly delivered oxycodone and cocaine to Froslie and that Froslie died as a result of using the substances. On

---

[1] The facts section of the State's response brief relies on the declaration of probable cause. We do not consider these facts because they were neither proven nor admitted as part of Garcia's guilty plea. In addition, Garcia did not agree that trial court could review the probable cause declaration to establish a factual basis for his guilty plea.

December 23, 2013, the State presented a plea offer to Garcia's defense counsel that stated in relevant part:

> In consideration for your client pleading guilty to delivery of a controlled substance the State will make the following agreed recommendation:
> - 20 months in custody (top of range with offender score of 1);
> - 12 months community custody; and
> - Legal financial obligations that include any restitution.
>
> Please convey this offer to your client as soon as possible. If you have any questions regarding this offer please contact me. Any modifications to this offer must be made in writing and this offer may be revoked at any time. To accept this offer your client must plead guilty; this offer cannot be accepted through an Alford Plea.
>
> This offer automatically expires **JANUARY 10, 2014**.

Clerk's Papers (CP) at 123.

On January 24, 2014, Garcia pled guilty to an amended charge of unlawful delivery of a controlled substance. Garcia's statement on plea of guilty stated that the prosecuting attorney would make the following sentencing recommendation,

> DOSA [(Drug Offender Sentencing Alternative)] (prison based)
> 12 + months in custody, community custody
> LFO's [(Legal Financial Obligations)] of $2,575 total, Restitution TBD.

CP at 20. The trial court accepted Garcia's guilty plea. Neither the State's amended information nor Garcia's statement on plea of guilty mention Froslie as a victim of Garcia's crime of unlawful delivery of a controlled substance.

At Garcia's January 31, 2014 sentencing hearing, the court agreed to sentence Garcia according to the prosecutor's recommendation. The following discussion took place at the conclusion of the sentencing hearing:

> [Sentencing court]: Okay. So twelve months and one day to be served with the Department of Corrections. Community custody as required under the DOSA statute, legal financial obligations of $2,575, and it indicates here restitution. Is there going to be a restitution date?
> [State]: It was—thank you. July 18th.
> [Sentencing court]: All right.

2

> [State]: If there's any. I don't know that there is. We'll have to look into that.
>
> [Sentencing court]: All right. It'll just be a restitution signer set to determine whether or not restitution will be forthcoming.
>
> [State]: Correct.

Report of Proceedings (RP) (Jan. 31, 2014) at 31.

On June 25, 2014, the State filed a restitution declaration from Froslie's mother, Karen Moegling, which requested that Garcia be ordered to pay $13,144.25 in restitution based on Froslie's funeral expenses and Moegling's grief therapy expenses. Garcia opposed the State's restitution request. At the October 3, 2014 restitution hearing, defense counsel argued that the court lacked statutory authority to impose restitution for losses related to Froslie's death, because Garcia did not expressly agree to pay restitution for damages flowing from his original charge of controlled substances homicide. Defense counsel further argued that there was no causal relationship between Garcia's conviction of unlawful delivery of a controlled substance and Froslie's death, because Garcia did not plead guilty to delivering cocaine to any specific individual.

The trial court concluded that Garcia had expressly agreed to pay restitution for damages stemming from his original charge of controlled substances homicide, stating:

> [M]y view is yeah, okay, could this have been a, could this have been done better? Yes. But, the original charge dealt with the alleged death and it was alleged the defendant delivered cocaine to Mr. Froslie. The Plea Offer cited, recited what he faced in connection with that charge and it said specifically restitution would be required. And, and then it goes on to say here is the offer to the reduced charge and it reiterates that restitution is required.
>
> I agree with [the State]. I can't imagine a simple delivery of cocaine charge involving restitution. And, um, then we have the Guilty Plea form where in the defense counsel's handwriting restitution is part of the Offer and it's to be determined. To be determined means the amount. It doesn't mean whether there is any or not, in my opinion. And, um, then we have the Sentencing document that says, yeah, restitution is ordered and a restitution hearing was set.
>
> So, to me it's a lot more than just simply implied. I mean, he accepted a Plea Offer and pled guilty to this reduced charge and restitution was a key element

3

of that. I mean, to me it's an expressed agreement. To me there's enough that there's an expressed agreement.

Like I said, could it have been done better and more explicitly? Yes. Maybe. And will it maybe be done differently in some cases in the future? Perhaps. Um, but in this case, I believe it's express enough. And, um, so one, I'm going to order that restitution is permitted. And, two, the types of restitution here requested, counseling for the mother of the victim, um, alleged victim Mr. Froslie, and funeral expenses would, those would be permitted items.

RP (Oct. 3, 2014) at 10-11.

On November 7, 2014, the trial court entered an order requiring Garcia to pay Moegling $13,144.25 in restitution. Garcia appeals from the restitution order.

ANALYSIS

Garcia contends that the sentencing court lacked statutory authority to issue its restitution order. We agree and reverse the restitution order.

We review a trial court's decision to impose restitution for an abuse of discretion. *State v. Gray*, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012). A trial court abuses its discretion by applying an incorrect legal analysis. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007).

A court's authority to order restitution "is derived solely from statute." *State v. Gonzalez*, 168 Wn.2d 256, 261, 226 P.3d 131 (2010). The applicable restitution statute, former RCW 9.94A.753 (2003), provides in relevant part:

(5) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property . . . unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record. In addition, restitution shall be ordered to pay for an injury, loss, or damage if the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.

This statutory provision describes two circumstances in which the trial court is authorized to impose restitution. First, the trial court may impose restitution if there is a causal connection

4

between the defendant's crime of conviction and the victim's losses or damages. *Tobin*, 161 Wn.2d at 524 (quoting *State v. Kinneman*, 155 Wn.2d 272, 286, 119 P.3d 350 (2005)). Second, where the defendant pleads guilty to a lesser offense than that originally charged, the trial court may impose restitution for damages related to the dismissed charge only if the defendant agrees to pay such restitution as part of the plea deal. *State v. Woods*, 90 Wn. App. 904, 908-09, 953 P.2d 834 (1998). In this second circumstance, we have held that such agreement to pay must be expressly made, stating, "'[R]estitution for loss beyond the scope of the crime charged is properly awardable *only* when the defendant enters into an '*express agreement*' to make such restitution as part of the plea bargain process.'" *Woods*, 90 Wn. App. at 908 (emphasis added) (quoting *State v. Miszak*, 69 Wn. App. 426, 429, 848 P.2d 1329 (1993)).

A.      Causal Connection

The record before the sentencing court did not establish a causal connection between Garcia's conviction of unlawful delivery of a controlled substance and losses stemming from the death of Froslie. "In determining any sentence, *including restitution*, the sentencing court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." *State v. Dedonado*, 99 Wn. App. 251, 256, 991 P.2d 1216 (2000) (emphasis added). Here, the State's amended information charging Garcia with unlawful delivery of a controlled substance contains no mention of any individual to which Garcia was alleged to have delivered a controlled substance. Similarly, Garcia's statement on plea of guilty does not admit to delivering a controlled substance to any particular individual, admitting only that:

> On or about February 10th, 2008, in Jefferson County, WA, I unlawfully delivered a controlled substance, to wit: cocaine, in violation of the Uniform Controlled Substances Act.

CP at 24. Further, even if it were admitted or proven that Garcia had delivered a controlled substance to Froslie, there was no admission or proof that such delivery resulted in Froslie's death.

Accordingly, we cannot conclude that "but for" Garcia's crime of unlawful delivery of a controlled substance, losses stemming from Froslie's death would not have occurred. *State v. Griffith*, 164 Wn.2d 960, 966, 195 P.3d 506 (2008). For this reason the sentencing court lacked statutory authority to impose restitution based on a causal connection between Garcia's unlawful delivery of a controlled substance and losses stemming from Froslie's death.

B.    Express Agreement

We find no express agreement to pay restitution for losses stemming from Garcia's dismissed charge of controlled substances homicide. The State first contends that its December 23, 2013 plea offer demonstrates Garcia's express agreement to pay restitution for damages stemming from his dismissed controlled substances homicide charge. However, even assuming that Garcia accepted the terms of this offer,[2] the offer was at best ambiguous as to whether Garcia would agree to pay restitution for damages related to his dismissed charge, stating only that the State would recommend "[l]egal financial obligations that include any restitution." CP at 123. This reference to "restitution" in the State's plea offer does not clarify whether the restitution would relate to the dismissed controlled substances homicide charge or, rather, to the

---

[2] The record does not appear to support the conclusion that Garcia had accepted the State's December 23 plea offer. By its terms, the offer expired on January 10, and the record does not show that Garcia had agreed to plead guilty prior to that date. Moreover, the agreement reached by the parties did not match the terms of the State's December 23 plea offer. The State's December 23 offer agreed to recommend a 20-month sentence in exchange for Garcia's agreement to plead guilty to the lesser charge of unlawful delivery of a controlled substance, but the parties ultimately agreed to a State's recommendation of a 12+ month prison-based drug offender sentencing alternative.

amended charge of unlawful delivery of a controlled substance to which Garcia would plead guilty. Because the reference to restitution was ambiguous, it cannot support the requirement of an "'express agreement'" to pay restitution for a dismissed charge. *Woods*, 90 Wn. App. at 908 (quoting *Miszak*, 69 Wn. App. at 429).

The State also contends that Garcia's statement on plea of guilty supports a finding of an express agreement to pay damages stemming from his dismissed charge. However, as with the State's December 23 plea offer, the reference to restitution in Garcia's plea statement is ambiguous as to whether he agreed to pay restitution for his dismissed charge, stating only that the prosecuting attorney would recommend "[r]estitution TBD." CP at 20. The plea statement does not expressly state that such restitution would be for damages related to the dismissed controlled substances homicide charge.

Finally, the State contends that Garcia expressly agreed to pay restitution for damages stemming from his dismissed charge by signing a judgment and sentence form containing the following checked boilerplate language:

> The above total [legal financial obligations] does not include all restitution or other legal financial obligations, which may be set by later order of the court. An agreed restitution order may be entered. RCW 9.94A.753. A restitution hearing:
> . . . .
> is scheduled for **JULY 18, 2014 AT 8:30AM**

CP at 36. We cannot discern how this boilerplate language in the judgment and sentence setting a restitution hearing evinces Garcia's express agreement to pay restitution for damages stemming from his dismissed charge. Accordingly, we reject the State's contention and conclude that the sentencing court abused its discretion by finding that Garcia had expressly agreed to pay restitution for damages related to his dismissed charge of controlled substances homicide.

7

Because there was neither a causal connection between Garcia's crime of conviction and damages stemming from Froslie's death nor an express agreement to pay restitution for such damages, the sentencing court lacked statutory authority to enter the restitution order. Accordingly, we reverse the restitution order.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

We concur:

Worswick, J.

Maxa, J.

---

[3] Garcia has filed a supplemental brief requesting that we exercise our discretion to waive costs on appeal should the State substantially prevail. Because the State did not prevail in this appeal, it is not entitled to costs. RAP 14.2.